## McNITT v. HELM.

**Statute of limitations:** PROMISSORY NOTE: EVIDENCE OF DEFENDANT. Where, in an action upon promissory notes, in which the statute of limitations was pleaded, it appeared, from the testimony of the defendant, who was called as a witness by the plaintiff under section 2742 of the Revision, that he executed the notes for property bid off by him for his brother at an administrator's sale; that his brother received the property, and in a day or two after the sale also signed the notes; that before the notes were due the brother went to California, and had never since returned; that the notes were not paid when he went away; that he himself had never paid the notes, and that he did not know whether they were paid or not,—it was *held*, that, from this testimony, the debt evidenced by the notes still justly subsisted against the defendant within the meaning of the statute. .

*Appeal from Tama District Court.*

THURSDAY, JULY 28.

ACTION upon two promissory notes, one for $217.30, the other for $68.04, both dated December 6, 1852, payable to Fearer & Coffman, administrators, etc., or bearer, nine months after date, and signed by Phineas Helm and Alfred Helm. The plaintiff averred that no part of said notes had been paid, and the indebtedness still justly subsists; and that he would prove the same by defendant's answer and testimony in the case. Defense, statute of limitations. Trial to the court and judgment for defendant. The plaintiff appeals.

*Boardman, Brown & Williams* for the appellant.

*H. C. Henderson* for the appellee.

COLE, Ch. J.—The only question in this case is, whether the debt evidenced by the notes sued on "still justly subsists," within the meaning of that phrase in our statute.

Rev. § 2742. The notes themselves and the following testimony of the defendant is all the evidence in the case : " I am the defendant ; the signature of each of the notes purporting to be mine is my signature ; I never paid the notes, and don't know whether they were paid or not ; I never received any benefit from the notes whatever ; they were given for property purchased at an administrators' sale ; I bid off the property for another man, my brother, who signed the notes a day or two after the property was bid off ; the administrators wanted me to give my notes for it and I did so, with the understadning that my brother should also sign the notes ; he was to pay the notes ; I went his surety ; there was an understanding between me and brother that he should take up said notes ; I did not know my name appeared upon the notes as principal until three or four months after they were given ; my brother, co-maker of the notes, went to California after the notes were given and before they were due, and never returned since ; he now lives at Carson City ; he went there in 1860 ; he had property before he went away ; after he was gone I understood he was not solvent ; I also understood that the notes were not paid when he went away."

On cross-examination defendant testified, that "the notes do not justly subsist against me ; I should not pay them because I never got the property ; they were given for my brother who went to California in 1853 ; I don't know whether my brother paid them or not ; I talked with the payees of the notes about the notes after he was gone ; they, the administrators, have not asked me for pay on the notes ; I have seen them frequently since I gave the notes—once, on an average, in two years ; I had not heard of the notes for ten years before the plaintiff presented them to me in February, 1869."

The evidence shows that the notes, when given, evi-

denced a debt which legally, equitably and justly subsisted as against this defendant; that he has never paid the notes, and satisfactorily establishes that they have never been paid. It shows that the defendant purchased the property for which the notes were given; that the subsequent arrangement between him and his brother about the property, whereby his brother became, as between them, primarily obligated to pay the debt, did not, in any manner, interfere with or relieve him from the justness of the debt. This defendant has not, as had Patton in the case of *Howells* v. *Patton*, 26 Iowa, 521, made an arrangement with another, which was accepted, by the creditor, whereby such other was, for a consideration received, to pay the debt. But this evidence shows that the debt sued for still justly subsists against this defendant, in harmony with justice as well as with the rules of law.

Reversed.