Collins y. Bane.

| 34 | 385 |
| 81 | 722 |
| 34 | 385 |
| d93 | 672 |
| 34 | 385 |
| 101 | 521 |
| 34 | 385 |
| 131 | 322 |
| 34 | 385 |
| 138 | 621 |

Collins, Admr., v. Bane.

1. Action : commencement of : original notice. An action is to be deemed commenced from the delivery of the original notice to the sheriff, and not from the filing of the petition.

Collins v. Bane.

2. —— It is accordingly *held,* where the petition in an action was filed before the enactment of section 35, chapter 167, laws of 1870 (repealing section 2742 of the Revision, except as to those cases in respect to which actions were pending at the time of the passage of the act), but the notice was not served or delivered to the sheriff until afterward, that the case did not fall within the exceptions provided for by said section.

3. Statute of limitations: NEW PROMISE: EVIDENCE: LETTERS. The new promise or acknowledgment required by Revision, section 2751, to take a case out of the statute of limitations, may be established by letters written and signed by the debtor.

4. —— And where such letter is not addressed to the creditor by name, but by some other designation, as "Dear cousin," it may be shown by oral testimony that the creditor was the person intended.

5. —— So, also, parol testimony is competent to establish the contents of a letter in answer to which the one in question was written, if it be shown that such letter has been lost or destroyed.

6. —— A letter claimed to have been written by the debtor, but to which there is no signature, is not admissible to establish a new promise or acknowledgment. The new promise or acknowledgment must be signed by the person sought to be charged thereby.

7. —— But a letter properly signed, and written by the debtor to the creditor or his representative, is not inadmissible on the ground that it does not identify or refer to the note on which the suit is brought. The question as to whether the indebtedness acknowledged is identical with that upon which the action is based, is a question of fact for the jury.

8. —— So the question as to whether a certain letter does, when considered with the other facts of the case, admit the debt to be that of the writer, is also for the jury to determine.

9. —— SURETY. That the person making the new promise or admission was only surety on the note, and that the principal is discharged by the statute, is no defense to an action against such surety.

*Appeal from Marion Circuit Court.*

THURSDAY, JULY 25.

ON the 28th day of January, 1870, the plaintiff filed his petition, claiming of the defendants, David Bane and Cruson Bane, $800 upon a promissory note made on the 27th

Collins v. Bane.

day of May, 1856, by the defendants, David Bane and Cruson Bane, jointly and severally, to the plaintiff's intestate, Robert Bane, for $336, payable six months after date, with interest. The plaintiff averred that Robert Bane died in May, 1868; that plaintiff had been duly appointed administrator of his estate; that said note is plaintiff's property, and wholly unpaid; that he expects to prove by the testimony of defendants, as witnesses, that the cause of action still justly subsists; that, on or about the first of November, 1868, the defendants admitted in writing, signed by them, that the debt was unpaid, and promised to pay said note.

On the 17th day of June, 1870, an original notice in this action was put into the hands of the sheriff of Marion county for service, and was served the same day on the defendant Cruson Bane, the defendant David Bane, not found; and on the 12th day of July, 1870, the defendant Cruson Bane filed his separate answer, denying each and every allegation of the petition, and specifically denying that the debt still justly subsists, or that he admitted or promised to pay it. The defendant also pleaded and relied upon the statute of limitations. The cause was tried to the court without a jury, and judgment was rendered for the defendant. The plaintiff appeals. The further necessary facts are stated in the opinion.

*Stone & Ayres* for the appellant.

*Atherton & Anderson* for the appellees.

COLE, J. — I. It is seldom that a cause is submitted to us, upon printed argument, evincing more ability and thorough-

1. ACTION: commencement of action: original notice.

ness of research, than are manifest in the arguments of the respective counsel in this. One question, in its nature preliminary, first demands our attention. Our statute of limitations (Revis-

ion, section 2742), which enacts that the limitation pre-
scribed by it "shall not apply, if from the answer of
defendant, or from his testimony as a witness, it appears
affirmatively that the cause of action still justly subsists,"
was repealed by section thirty-five of chapter one hundred
and sixty-seven, of the laws of 1870, approved April 16,
1870, and which took effect by publication, etc., three days
thereafter.   While the petition in this case was filed Janu-
ary 28, 1870, before this repealing act was passed, the
original notice was not delivered to the sheriff for service
till the 17th day of June, 1870, after said act took effect.
So that, although the act itself provides that it "shall not
affect the rights of parties in actions pending at the time
of the passage of the act," it does affect these parties, and
repeals section 2742 as to them, for the delivery of the
notice, was the commencement of the action.   Revision,
section 2744.   Section 2842, does not apply.

II. Our statute of limitations also enacts, that actions
founded on written contracts must be brought within ten
years, after the cause of action accrues. Rev.,
§ 2740, subd. 4, and also § 2751. "Causes
of action founded on contract are revived by
an admission that the debt is unpaid, as well as by a
new promise to pay the same. But such admission or new
promise must be in writing, signed by the party to be
charged thereby."

3. STATUTE OF LIMITATIONS: new promise: evidence: letters.

The cause was tried to the court, and all the evidence
offered was admitted, subject to objections by defendant
as to its competency, etc., with the understanding that the
court would decide the questions of evidence, thus raised,
when he should decide the case; and on the final hearing
the court held all the evidence, as well the letters, as the
parol testimony of the defendant in aid thereof, incompe-
tent, and excluded the same in his consideration of the case.

One item of evidence thus offered and rejected is a letter
written and signed by the defendant, Cruson Bane, under

date of July 6th, 1868 (but which it is agreed was written and should be dated July 6, 1870), addressed "dear cousin," which letter tended to prove an admission that the debt is unpaid. In connection with this letter, the plaintiff also offered to prove by the oral testimony of defendant, that John Bane was the person addressed as "dear cousin," and that the letter was written by defendant in answer to one (now destroyed) from John Bane to him, which letter was signed by "John Bane, executor of Robert Bane, and defendant supposed him to be such," and stated that he had the note for collection and requested payment; this testimony was also rejected. Hereon is the first point made by the assignment of errors, and in the argument of counsel.

The precise ground of objection to the admission of the letter in evidence is, that it was not addressed to a party in interest or to his agent. Without now deciding whether an admission in writing that a debt is unpaid, must, under our statute, be made to a party in interest, or to his agent, though it must be admitted that the tendency of the modern cases is, to hold that it must (3 Pars. on Cont. 5th ed., 85 and cases cited in notes; *Bloodgood* v. *Bruen*, 8 N. Y. 362), we are of the opinion that this letter was competent testimony, as was also the oral testimony of the defendant offered and rejected. The oral testimony was to establish the contents of a letter proved to have been written and destroyed. To that extent the testimony was the letter itself, it was in place of the letter, which being destroyed, rendered the oral testimony primary evidence. It was on the same subject-matter and between the same parties, and was a writing necessary to make the first letter fully understood, and was, therefore, within the rule prescribed by Revision, section 3992. From both letters it does appear that the admission in writing was made to a person claiming to have possession of the note for collection, and who was supposed by the defendant to have authority

to receive the money.  Again, we think it was competent to show by parol, who it was that was addressed as " dear cousin ;" and this, upon the well-settled rule that parol evidence is admissible to show the subject-matter referred to, the person intended, and the surrounding circumstances of the author of the instrument, etc.  1 Greenl. on Ev., §§ 277, 282, 290, and cases cited in the notes.  The whole of these facts being before the court or jury, might justify a finding that the person addressed, and to whom the admission was made, had a beneficial interest in the note, and, therefore, within the strict rule contended for by appellee's counsel.

III.  The court also refused to consider, and rejected as incompetent a letter dated at the defendant's residence June 3, 1868, and addressed to "Dear Uncle;" but to which there was no signature.  The court did not err in thus ruling, since our statute requires the admission to be in writing signed by the party to be charged thereby. Rev., § 2751.

IV.  Another letter, which is marked " A," but is without date, and is signed "from Cruson Bane to Robert Bane," was also rejected by the court, and not considered, for the reason that it was held incompetent, on the ground that it did not identify, refer to or specify the note sued on.   This point was directly examined and passed upon by this court in *Penley* v. *Waterhouse*, 3 Iowa, 418 (*i. e.*, 445), and while it was admitted that the authorities were in conflict (and many of them were cited), it was, nevertheless, *held*, that it was proper to leave the question to the jury to determine whether the defendant intended to acknowledge the particular debt sued on.   We see no good reason to now justify us in overruling that decision. The court erred therefore in rejecting this letter.

V.  Another letter of date April 19, 1868, addressed to 'Dear Uncle, Robert Bane," and signed by the defendant, was also rejected for the same reason as the last.   In this,

Collins v. Bane.

there was error also. But the counsel for appellee insist, and in an acute and well-put argument, seek to show that this letter instead of admitting the debt, does, in fact, deny that it is his debt, and asserts that it is the debt of David Bane, whom he proposes to make pay it. But whether the letter does admit the debt to be that of the defendant, when taken in connection with the other letters and evidence, is a question of fact for the jury, or the court acting in the place of a jury. Since the evidence was rejected by the court, and there has been no finding upon it either way, it is, of course our duty to remand the cause for a trial upon the evidence, in the first instance, by that court

VI. The plaintiff introduced the defendant as a witness, and he testified that the debt referred to in the letters written by him was the note in controversy, etc. This testimony the court also rejected as incompetent. There was no error in so doing. The statute requires the admission to be in writing; parol evidence is not competent to prove it.

VII. The defendant testified in his own behalf, and without objection, that he was only surety on the note, for David Bane, and the payee so understood it; that the note was given for money borrowed in this State, and he got none of it. It is now claimed by appellee's counsel, that since the principal debtor is discharged by the statute of limitations, the defendant cannot be held on his new promise or admission. But, since the original debt was contracted upon his credit, as well as that of his principal, it is justly his debt. *McNitt* v. *Helm*, 29 Iowa, 302.

9. —— surety.

Reversed.