Bayliss v. Street.

---

## BAYLISS ET AL V. STREET.

1. Statute of Limitations: ADMISSION REVIVING DEBT. A letter addressed by the maker to the holder of a promissory note, stating that the writer "hoped to pay," and that, in case of his death, he had provided for payment out of his life insurance, was *held* to be an admission that the debt was unpaid, reviving the cause of action thereon.

*Appeal from Mahaska Circuit Court.*

FRIDAY, SEPTEMBER 19.

ACTION upon a promissory note. Defense, the statute of limitations. The note became due more than ten years prior to the commencement of the action, but the plaintiffs claim that the cause of action has been revived by a written admission. There was a judgment for plaintiffs. Defendant appeals.

*Williams & McMillen,* for appellant.

*John F. Lacey,* for appellees.

ADAMS, J.—The written admission relied upon is contained in a letter written by defendant to plaintiffs in 1871, in answer to a letter written by them to him requesting payment of the note. The letter written by defendant to plaintiffs contains, among other expressions, the following: "I am sorry I cannot pay you now.

1. STATUTE of limitations: admission reviving debt.

Bayliss v. Street.

I had expected to pay you this fall, but owing to scarcity of money I cannot. It is a long, weary time I have been paying those debts, and am not through yet. I hope to live to pay you, and hope to do so next spring. But I have provided that in case I die before you are paid my wife will pay you out of an insurance on my life." These expressions, we think, constitute an admission that the debt is unpaid.

The defendant insists, however, that even if this is so the debt would still be barred, because the admission was made more than five years prior to the commencement of the action.

The statute upon which the plaintiffs rely is in these words: "Causes of action founded on contract are revived by an admission that the debt is still unpaid." Code, § 2539. It will be perceived that a new cause of action does not arise by reason of the admission, but the bar from the old is removed. The statute begins to run anew, but it runs, of course, upon the cause of action, and not upon the admission, which merely operated to revive the cause of action. The time it would run would depend upon the nature of the cause of action. If, as in this case, it is founded upon a promissory note, the statute would run ten years from the time the cause of action was revived. *Carshore v. Huyck*, 6 Barbour, 583: *Baxter v. Penniman*, 8 Mass., 133; *Penley v. Waterhouse*, 3 Iowa, 418 (442); *Ayres v. Bane*, 39 Iowa, 518; *Frisbee v. Seaman*, 49 Iowa, 95. In our opinion the claim was not barred.

AFFIRMED.