## STOUT v. MARSHALL.

**Statute of Limitations:** REVIVAL OF DEBT BY WRITTEN PROMISE. Defendant in a letter to plaintiff, having referred to "those old notes," said : "You shall have every cent that is due on them." *Held* not sufficient to revive the debt upon a particular one of the notes which was at that time barred by the statute of limitations.

*Appeal from Dallas District Court.*—HON. A. W. WILKINSON, Judge.

FILED, OCTOBER 13, 1888.

ACTION upon a promissory note. The cause was tried without a jury, and judgment was rendered for defendant. Plaintiff appeals.

*R. S. Barr*, for appellant.

*North & Nichols*, for appellee.

BECK, J.—I. Among other defenses the defendant pleaded that the action is barred by the statute of limitations. The plaintiff alleges in his petition that the cause of action on the note is revived by a written admission that it is unpaid, and a new promise to pay it. The writing relied upon is in these words: "*Dan Stout*—Dear Sir : Ira Smith is here, and spoke to me in regard to our settlement of those old notes. I have no money now, but you shall have every cent that is due on them. C. Marshall." The district court held that this is not sufficient to take the cause of action out of the operation of the statute of limitations. The abstract does not show that evidence other than the writing was submitted or considered by the court below upon the issue arising under the defense setting up the statute of limitations. We cannot presume there was, and must therefore decide the case upon the written instrument alone.

II.  A written instrument which is claimed to revive an action may, to a proper extent, be connected with the cause of action, and in some other respects supported by parol evidence. But we have no evidence of this character in this case.  We are to determine whether the written instrument alone is sufficient to establish a revivor of the cause of action.   We think it is not.

III.   It may be assumed that the instrument refers to the note in suit.   But it is plainly not the only note referred to.   The instrument may be regarded as admitting that a sum is due on all of these notes, taken collectively, and as containing a promise to pay such sum. Now, an admission that an unstated sum is due on all of several notes, and a promise to pay such sum, is not an admission that anything is due on a particular note and a promise to pay an amount on it.   The defendant in the instrument speaks of the "old notes" collectively, and if a part of them were unpaid and a part paid, he uses language which expresses a promise to pay whatever is due.   But the language of the instrument conveys the idea that all of the notes are not unpaid, for he promises to pay only such sum as may be due on them.   The word "due," in this connection, means "owing."   Clearly the instrument only relates to notes on which a sum is due, and the language used conveys the idea that something is not due on some of them.   The written instrument is not a sufficient admission that the note in suit is unpaid, nor is it a sufficient promise to pay the note.   The judgment of the district court is

AFFIRMED.