CARLTON S. MILLER, Appellant, v. JOSEPH BEARDSLEY, Appellee.

**Limitation of Actions :** WRITTEN CONTRACTS : ADMISSION OF INDEBTEDNESS : EVIDENCE. In an action upon a promissory note purporting on its face to be barred by the statute of limitations, the plaintiff

may, for the purpose of proving an admission of indebtedness reviving the cause of action, be permitted to prove by oral evidence that the note in suit is a part of a greater indebtedness referred to in a letter written by the maker of the note to the plaintiff since the bar of the statute, and that the person named in said letter, to whom defendant stated he had paid interest on said indebtedness, was the agent of the plaintiff.

*Appeal from Fremont District Court.*—HON. A. B. THORNELL, Judge.

TUESDAY, JUNE 3, 1890.

ACTION commenced March 15, 1889, to recover upon two promissory notes for fifteen hundred dollars each, dated March 20, 1875, one due in two, and the other in three, years after date. By an amendment plaintiff alleged that on March 28, 1886, the defendant wrote, signed and mailed to plaintiff a letter concerning said notes, which was received by plaintiff, and is as follows :

"It is some time since I wrote ; thought I would write you a few lines. On Saturday, the twenty-seventh inst., I paid S. S. Wilcox interest on nine thousand dollars which you have received probably before this time, part of which was not due. Mr. Wilcox figured the interest out that was not due, saying he did not know how you would like it. If that does not meet with your approval we will fix it some other way. I had the money and thought you could use it, and probably it would not make any difference, as I had to get exchange on New York to get it all at one time. The small note I did not pay as I shall be at considerable expense this summer on my last purchase of De Forrest.

"[ Signed.] JOSEPH BEARDSLEY."

The amendment states that defendant was at that time indebted to plaintiff in the sum of nine thousand dollars, of which said notes were a part ; that the interest referred to was in part on said notes ; that said Wilcox was agent of the plaintiff for the purpose of receiving said interest ; and that it was paid to him as such agent. Defendant demurred upon the ground

that the action was barred by the statute of limitation, which demurrer was sustained, and plaintiff appeals.

*Jas. McCabe*, for appellant.

*Geo. E. Draper*, for appellee.

GIVEN, J.—I. The causes of action stated are confessedly barred unless revived under section 2539, of the Code, which provides that "causes of action founded on contract are revived by an admission that the debt is unpaid, as well as by a new promise to pay the same. But such an admission or new promise must be in writing, signed by the party to be charged thereby." The admission or promise can only be proven by such writing, but when an admission or promise is so evidenced, other proofs are admissible to show the writing, and that the debt admitted or promised to be paid is the particular debt sued upon. *Penley v. Waterhouse*, 3 Iowa, 445; *Collins v. Bane*, 34 Iowa, 385; *Wise v. Adair*, 50 Iowa, 104; *Stout v. Marshall*, 75 Iowa, 498. The allegation that Beardsley was at the time indebted to plaintiff in the sum of nine thousand dollars cannot be considered except as shown by the writing, because, as we have seen, the indebtedness can only be established by an admission or promise in writing. To show a different indebtedness from that sued upon is immaterial. In determining whether the letter shows an admission that the debt is unpaid, or a promise to pay the same, we may consider the allegation that Wilcox was agent for the plaintiff, and that the interest was paid to him as such agent.

From these allegations and the letter, we have this state of facts: That on March 27, 1886, defendant paid to S. S. Wilcox, as agent for plaintiff, interest due and that was not due on nine thousand dollars. While it is possible that interest may be due from one party to another, without there being any indebtedness for the principal upon which it accrued, such is seldom the

case. In the absence of proof to the contrary the payment of interest warrants the conclusion that there is an indebtedness for the principal. When, as in this case, the payment is of interest due and not due, the evidence of an existing indebtedness is much more satisfactory. We are of the opinion that the letter, considered in the light of the fact of Wilcox's agency, shows an admission of an indebtedness from defendant to plaintiff that is unpaid, and that if plaintiff can prove, as alleged, that the two notes in suit constitute a part of that indebtedness, the cause of action was revived by said letter.

It follows from these conclusions that the judgment of the district court should be REVERSED.