JOHN F. NELSON, Appellant, v. CAROLINE HANSON.

Statute of Limitation: New Promise. A wrote, "let me know if you intend to settle with me about the note I hold against you." B.
1  answered, "I received your letter; will come up after harvest, and the note, you know that I will pay what I can, and what is right."
2  *Held*, not a sufficient admission to remove bar of the statute.

*Appeal from Jefferson District Court.—*HON. H. C. TRAVERSE, Judge.

TUESDAY, OCTOBER 23, 1894.

ACTION to recover an amount alleged to be due on a promissory note. A demurrer to the petition was sustained, and judgment rendered in favor of the defendant for costs. The plaintiff appeals.—*Affirmed.*

*Leggett & McKerney* for appellant.

*W. G. Ross* for appellee.

ROBINSON, J.—The facts admitted by the demurrer are substantially as follows: On the second day of January, 1877, the defendant made and delivered to the plaintiff, in this state, her promissory note in writing for the sum of three hundred and thirty-six dollars and eighty cents, payable on demand, with interest thereon at the rate of ten per cent per annum. A payment of fifty dollars was indorsed thereon August 4, 1883, and another of ten dollars on the first day of January, 1884. On the first day of August, 1892, the plaintiff wrote to the defendant concerning the note as follows: "Please let me know if you intend to settle with me about that note I hold against you." On the next day she answered in writing, referring to the note as follows: "I received your letter  *  *  *

Will come up after harvest, and the note, you know that I will pay what I can, and what is right.

"C. HANSON."

The grounds of the demurrer are that the note is barred by the statute of limitations, and that the letters do not identify the note in suit as the one to which they refer, and that the one signed by the defendant is not sufficiently clear and unqualified to constitute a promise to pay the note, or an admission of indebtedness. Section 2539 of the Code is as follows: "Causes of action founded on contract, are revived by an admission that the debt is unpaid as well as by a new promise to pay the same. But such admission or new promise must be in writing, signed by the party to be charged thereby." It is not necessary, in order to revive a cause of action under this provision, that there be both an admission that the debt is unpaid and a new promise to pay it, but either is sufficient. *Stewart v. McFarland*, 84 Iowa, 56, 50 N. W. Rep. 221, and cases therein cited. It is not essential to a revival of the cause of action that the admission be couched in precise and direct terms, but it is sufficient if it show with reasonable certainty that the debt is unpaid. *Penley v. Waterhouse*, 3 Iowa, 441; *Manchester v. Braender*, 14 N. E. Rep. (N. Y. App.) 405. A statement in the mortgage that the premises thereby incumbered were "already subject to a mortgage" in the hands of persons named is a sufficient admission that the debt secured by the paramount mortgage is unpaid. *Palmer v. Butler*, 36 Iowa, 581. Promises by the debtor to pay a claim "as soon as possible," or "as soon as he could," and others of a similar character, have been held sufficient as admissions of the debt. *Norton v. Shepard*, 48 Conn. 141; *Butterfield v. Jacobs*, 15 N. H. 140; *Society v. Miller, Id.* 520; *Custy v. Dolan*, 34 N. E. Rep. (Mass.) 360; *Chidsey v. Powell*, 91 Mo. 625, 4 S. W. Rep. 446; *Devereaux v. Henry*, 16 Neb. 55, 19 N. W. Rep. 697; *Hart-*

*ranft's Estate*, 26 Atl. Rep (Pa. Sup.) 104; *Barnard v. Bartholomew*, 22 Pick. 291; *Cummings v. Gussett*, 19 Vt. 308; *Walsh v. Mayer*, 111 U. S. 31, 4 Sup. Ct. 260. In *Wise v. Adair*, 50 Iowa, 104, the debtor wrote to the creditor as follows: "How will it suit you to make three notes of the amount due you?" describing the proposed notes,—and the letter was held to be a sufficient admission of indebtedness, to the amount of the notes specified, to revive the debt.

In *Bayliss v. Street*, 51 Iowa, 627, 2 N. W. Rep. 437, the expressions: "I am sorry I can not pay you now. I had expected to pay you this fall, but, owing to scarcity of money, I can not. It is a long weary time I have been paying those debts, and am not through yet. I hope to live to pay you, and hope to do so next spring. But I have provided, in case I die before you are paid, my wife will pay you out of an insurance on my life,"—were held sufficient to remove the bar of the statute. In *Miller v. Beardsley*, 81 Iowa, 721, 45 N. W. Rep. 756, it appeared that the debtor had written to the creditor concerning the debt as follows: "On Saturday, the twenty-seventh inst., I paid S. S. Wilcox interest on nine thousand dollars, which you have received probably before this time, part of which was not due. Mr. Wilcox figured the interest out that was not due, saying he did not know how you would like it. If that does not meet with your approval, we will fix it some other way. I had the money, and thought you could use it, and probably it would not make any difference, as I had to get exchange on New York to get it all at one time. The small note I did not pay, as I shall be at considerable expense this summer on my last purchase of De Forest." This was held to be a sufficient admission to revive the debt. But in all these cases the language used by the debtor was an unqualified admission of indebtedness either in words or in legal effect, while in this case the language

of the admission is, "The note, you know that I will pay what I can and what is right." This must be construed as a single statement. It can not be given the effect of a promise to pay what the promisor could pay. The first part of the statement is qualified by the words, "and what is right." The statement was, in effect, that the defendant would pay all that it was right for her to pay if she could do so. She did not indicate what part of the claim, if any, it was right for her to pay, and her opinion in regard to that is a matter for conjecture only. In *Stewart v. McFarland, supra,* it appears that a person deceased had, in his will, recognized the existence of the note on which the action was founded, by offering to the holder a sum less than the amount which appeared to be due thereon in full payment. This court held that the will did not admit that the decedent justly owed the amount of the note, and the demand for an allowance of that amount was refused. In *Stout v. Marshall,* 75 Iowa, 498, 39 N. W. Rep. 808, the admission relied upon by the plaintiff was made by defendants in words as follows: "Ira Smith is here, and spoke to me in regard to our settlement of those old notes. I have no money now, but you shall have every cent that is due on them." This court held the admission not sufficient to revive the debt as to one of the notes held by the plaintiff when the admission was made. Although that referred to more than one note, and the admission in this case refers to but one, yet we think the two cases are governed by a common rule and that the admission in each was too indefinite and too uncertain to revive a cause of action. See *Chambers v. Garland,* 3 G. Greene, 325; *Horner v. Starkey,* 27 Ill. 13; *Burr v. Burr,* 26 Pa. St. 284; *Denny v. Marrett,* 13 N. W. Rep. (Minn.) 148; 13 Am. and Eng. Encyclopedia of Law, 748. We conclude that the demurrer was properly sustained, and the judgment of the district court is AFFIRMED.