David McConaughy, Appellant, v. Nelson A. Wilsey, Executor.

Statute of Limitations: EXTENSION BY NEW PROMISE: *Stare decisis.*
The doctrine of stare decisis requires a holding that a new promise to pay, made before a debt is barred, will extend the period of limitation, though, were the question *res integra,* a part of the court would be inclined to hold that no promise made before the period of limitation had fully elapsed could have that effect, unless it was part of an agreement to extend the time of payment.

Sufficiency of promise. The maker of a note wrote to the holder thereof, saying: "In regard to that note, will say that I will try and pay it this fall. I have forgotten about making any request as to having it run over. Please give me a little light on the part." *Held,* sufficient to interrupt the running

|115 589|
|122 628|

|115 589|
|e127 464|

|115 580|
|e129 721|

|115 589|
|137 429|

of limitations, under Code, section 3456, providing that causes of action founded on contracts are revived by an admission in writing, signed by the party to be charged.

*Parol evidence to apply written promise.*   In an action on a note, the maker of which had written a letter promising to pay a certain note, parol evidence was admissible to show that the letter referred to a note in suit.

Burden of proof:   *Filing claim too late.*   Where an executor defends an action on decedent's note on a plea that the right of action is barred because the note was not filed within six months after the publication of notice of the executor's appointment, or filed and notice given the executor within one year from such time as required by Code sections 3348, 3349, the burden is on defendant to establish the bar, the plea being an affirmative one.

Executors:   notice of appointment:   *Proof of authority to publish.*   Under Code, section 3304, providing that an executor shall, within ten days after the receipt of his letters, publish such notice of his appointment as the court or clerk may direct, evidence of the fact of publication is insufficient to establish its regularity, in the absence of any showing that the publication made was pursuant to any order.

*Presumptions.*   The court will not presume such order merely because publication was in fact made.

*Appeal from Harrison District Court.*—Hon. G. W. Wakefield, Judge.

Thursday, February 6, 1902.

Plaintiff filed a claim based on a promisory note against the estate of W. H. Wilsey, deceased, of which defendant is the executor. Two defenses were interposed: (1) The general statutes of limitations; and (2) that the claim was not filed and proved within the time fixed by law for so doing. The case was tried to the court as an equitable action, and judgment rendered rejecting and dismissing the claim, and taxing costs to plaintiff. He appeals.—*Reversed.*

*S. H. Cochran* and *J. J. Stewart* for appellant.

*Roadifer & Arthur* for appellee.

Waterman, J.—We shall take up first for consideration the defense of the general statute of limitations. The claim was filed October 18, 1898. The note is dated September 22, 1882, and was due, by its terms, four years after date. It is apparent it would have been barred September 25, 1896, if not revived under the terms of section 3456 of the Code, which provides that "causes of action founded on contract are revived by an admission in writing signed by the party to be charged that the debt is unpaid, or by a like new promise to pay the same." Such an admission and promise is relied upon here, founded on the following letter, written by the debtor to plaintiff's agent, and referring to this note: "Little Sioux, Iowa, May 8, 1895. Officer & Pusey, Council Bluffs, Iowa—Dear Sirs: In regard to that note, will say that I will try and pay it this fall. I have forgotten about making any request as to having it run over. Please give me a little light on that part. Yours truly, W. H. Wilsey." This court has heretofore held that a new promise made before the debt is barred will extend the period of limitation. *Lindsey v. Lyman,* 37 Iowa, 206; *Penley v. Waterhouse,* 3 Iowa, 418. Were the question a new one, some of us would be inclined to hold that no promise made before the bar became complete could have that effect, unless it was part of a definite agreement to extend the time of payment. But we are content to let the matter rest as it is. We think this letter contains a sufficient admission of indebtedness, and also a promise to pay. *First, etc. Bank v. Woodman,* 93 Iowa, 668. Oral evidence was introduced which shows the letter referred to the note in question, and such evidence was competent. See last case cited; also *Miller v. Beardsley,* 81 Iowa, 720; *Stout v. Marshall,* 75 Iowa, 498. The cause of action was therefore not barred by the general statute. We look now to see whether it was barred under the special provision relating to claims in probate.

If this claim was filed within six months after the first publication or posting of notice by the executor of his appointment (section 3348, Code), or if it was filed and notice given the executor within one year from such time (section 3349), it is not barred. The burden was upon defendant to establish the bar, for a plea of the statute of limitations is an affirmative one. *McDonald v. Bice,* 113 Iowa, 44. A certificate of publication in a newspaper of the notice of the executor's appointment, to which was attached an affidavit of the publisher, was offered in evidence by defendant. It was excepted to by plaintiff because it showed upon its face the affidavit was made more than six months after the last day of publication. The affidavit was, for this reason, not competent evidence of the facts stated. See section 4680, Code. But other evidence was offered. A witness testified on the subject. His testimony, however, is not such as to show a proper service, because it does not appear that the court or clerk directed such a publication as is claimed to have been made. Section 3304, Code. We are asked to presume such an order or direction because the publication was in fact made, but to this proposition we cannot assent. We are not able to say the claim was not filed in time. This holding disposes of this appeal, but in view of another trial, and because the question has been fully discussed, we desire to say that the facts offered as grounds of equitable relief do not seem to us sufficient to excuse the delay, if any there in fact was, in filing the claim.—Reversed.