A. M. CAMPBELL v. L. E. CAMPBELL, Appellant.

**Action on Written Instrument:** CORRECTION OF MISTAKE IN TESTIMONY. An evident mistake of the reporter in taking down

1    the testimony of a witness may be corrected on motion supported by affidavits.

**Same:** STATUTE OF LIMITATIONS: EVIDENCE. Evidence considered

2    and found sufficient to take the instrument sued on out of the statute of limitations.

*Appeal from Hardin District Court.*—HON. S. M. WEAVER, AND HON. J. R. WHITAKER, Judges.

TUESDAY, OCTOBER 21, 1902.

ACTION on a written instrument to recover money due thereunder. Defense, payment and the statute of limitations. Trial and judgment for the plaintiff, from which the defendant appealed. After the appeal was taken the plaintiff procured a correction of the record in the district court, from which an appeal was also taken. Both appeals are herein determined upon the request of the appellant. —*Affirmed.*

*Ward & Hayes* for appellant.

*Albrook & Lundy* for appellee.

SHERWIN, J.—The reporter's shorthand notes of the trial made it appear that the plaintiff, when a witness in his own behalf, had testified that the obligation sued upon was paid. This does not seem to have been 1. CORRECTION of mistake in discovered by either party until after a transtestimony. cript of such evidence had been made, and after such discovery by the appellee the record was corrected. We are well satisfied that the facts justified the correction; for, if such a solemn admission on the witness stand had been made, it would hardly have been overlooked by counsel on both sides and by the judge who tried the case, and, of course, with such an admission in the record there could be no judgment for the plaintiff. If there was an error in the record of the trial court, there was the proper place to correct it. *Stiles v. Botkin's Estate,* 30 Iowa, 60. See also, *Long v. Valleau,* 87 Iowa, 675. And, it can hardly be held that, where there is an evident mistake in taking down the testimony of a witness, such mistake may not be corrected by changing the record so that

it will show what was in fact said.   It is said in *Graves v. Clark*, 101 Iowa, 738, that it would be dangerous to permit additions to, or deductions from, the record upon a showing by affidavits that something said was omitted, or that something appearing in the record was not said; but parties to the trial and the witness as well are entitled to have the testimony correctly reported, and where there has been a failure in this respect, and it is an evident mistake, we think it may be corrected on motion supported by affidavits.

The instrument sued on is in the following language: "Eldora, Iowa, March 10, 1869.   Received of Fannie Campbell, by the hand of C. I. Campbell, the sum of one thousand ($1,000.00) dollars to place upon interest at ten (10) per cent., payable semiannually, or interest and principal payable sooner if desired.   L. E. Campbell."   And it is conceded that the bar of the statute might be successfully interposed were it not for the following letter, written by the defendant to his mother and the plaintiff: "Chicago, Ill., Dec. 28th, 1891: Dear Mother and Brother, A. M: As I have not written you for a long time, I will do so, and enclose you a draft on New York for one hundred dollars, which I think pays the interest on my note to February, 1892, and I wish you would acknowledge receipt of same when you receive it, so I may know that it reached you in due time."   Section 3456 of the Code is, in effect, the same as section 2539 of the Code of 1873, and provides that "causes of action founded on contract are revived by an admission in writing, signed by the party to be charged, that the debt is unpaid."   By the defendant's letter of December 28, 1891, it is evident that he was paying interest on the note which he owed to his mother or to the plaintiff.   The payment of such interest, in connection with his statement that it is "on my note," is, we think, a sufficient admission that a note held by them against him

2.  SAME: statute: of limitations evidence.

was unpaid.  *Miller v. Beardsley*, 81 Iowa, 722.  The evidence tends to show that the writing upon which suit was brought was the only note or written obligation held against the defendant.  This evidence was competent and, with the letter, clearly revived the cause of action.  *Bank v. Woodman,* 93 Iowa, 668.

The judgment is AFFIRMED.