F. J. WILL, Appellant, v. J. W. MARKER.

| 122 | 627 |
| 138 | 621 |

Bills and Notes: AVOIDANCE OF LIMITATION: EVIDENCE. To avoid the limitation of a note the writing need not expressly admit that the debt is unpaid, but is sufficient if it clearly and unequivocally refers to the instrument in suit. Evidence held to take the note out of the bar of the statute.

*Appeal from Linn District Court.*—HON. H. M. REMLEY, Judge.

SATURDAY, FEBRUARY 6, 1904.

SUIT on a promissory note executed and due in 1884. A demurrer to the petition was sustained, and a judgment rendered for the defendant. The plaintiff appeals.— REVERSED.

*L. P. Main* for appellant.

No appearance for appellee.

SHERWIN, J.—To avoid the bar of the statute of limitations, the plaintiff pleaded certain letters, which were alleged to have been written by the defendant concerning the note in suit. The demurrer, of course, admitted the truth of all matters well pleaded. Under our statute causes of action founded on contract are revived by an admission in writing, signed by the party to be charged, that the debt is unpaid. It is not necessary, however, that this admission be an express one; it is enough if the writing clearly and unequivocally refers to the instrument in suit, and clearly admits that it is not paid. In this case several letters, written by the defendant, regarding the note in suit, are set out, and we cannot do more than give excerpts therefrom. In one of the letters he wrote that he had supposed the note paid by his brother, and asks the plaintiff to reduce the amount of interest thereon as much as possible, and to do the best he can for him. In another he wrote that he could borrow $100, and asked the plaintiff to accept that sum in full, and stated, "I want to get it off my hands now." In a letter written to the attorney who had the note for collection he said that he could not pay the note, and that, if a judgment would satisfy the attorney, he could take it; but he asked that he be spared the humiliation of being sued. Considering the letters as a whole, they clearly admit that the note was unpaid. *Campbell v. Campbell,* 118 Iowa, 131; *Jenckes v. Rice,* 119 Iowa, 451; *McConaughy v. Wilsey,* 115 Iowa, 589.

The judgment is REVERSED.