William Bakey, Appellant, v. F. W. Moeller, Administrator, Appellee.

**LIMITATION OF ACTIONS:** Revival of Cause of Action—Evidence
1 —Sufficiency of Written Admission. A writing, to constitute a revival of a cause of action, under Section 3456, Code, 1897, must, by its terms, either admit or promise to pay some indebtedness of the writer; and a promise to pay may be implied from an admission of the indebtedness; but the writing need not specifically identify the indebtedness as that upon which suit is based, as that may be established by extrinsic evidence.

**LIMITATION OF ACTIONS:** Revival of Cause of Action—Insuffi-
2 ciency of Writing. A letter stating, "I think you have been negligent in waiting so long, but you need not worry about it, I will see to it and make it all right," was insufficient, under Section 3456, Code, 1897, to revive an indebtedness on a note barred by the statute of limitations, as it did not contain a direct or certain reference to the note in question, or to indebtedness in any other form.

*Appeal from Calhoun District Court.*—M. E. Hutchison, Judge.

April 8, 1919.

Proceedings upon a claim filed against the estate of Werner Moeller, deceased. Demurrer thereto was sustained and judgment entered against the claimant for costs.—*Affirmed.*

*Healy & Faville,* for appellant.

*Gray & Gray* and *S. A. Frick,* for appellee.

Stevens, J.—On November 16, 1916, plaintiff filed a claim in the office of the clerk of the district court of Calhoun County against the estate of Werner Moeller, deceased, based upon a promissory note for $300, dated November 25, 1903, due in one year after date. Later, an amendment was filed to said claim, alleging that, on the

22d day of May, 1916, the said Moeller, in writing signed by him, admitted that said note was unpaid, and in said writing promised to pay the same, copy of which, attached to said amendment, is as follows:

"Somers, Iowa, May 22, 1916.

"Mr. William Bakey,

"Dear Friend:

"Your letter was quite a surprise to me as you had never said anything about it to me. I think you have been negligent in waiting so long but you need not worry about it. I will see to it and make it all right.

"We are all well and hope this finds you the same.

"Your friend,

"Werner Moeller."

The defendant, executor of the estate of Werner Moeller, interposed a demurrer to plaintiff's claim, on the ground that the letter attached to the amendment does not identify the note in controversy, and that same contains neither an admission of, nor a promise to pay, indebtedness. Code Section 3456, providing for the revival of indebtedness by an admission of a promise to pay in writing, is as follows:

"Causes of action founded on contract are revived by an admission in writing, signed by the party to be charged, that the debt is unpaid, or by a like new promise to pay the same."

The writing must, by its terms, either admit or promise to pay some indebtedness of the writer. A promise to pay may be implied from an admission of the indebtedness. *Will v. Marker,* 122 Iowa 627; *Kleis v. Mc-Grath,* 127 Iowa 459; *Nelson v. Hanson,* 92 Iowa 356; *Stout v. Marshall,* 75 Iowa 498; *Doran v. Doran,* 145 Iowa 122.

1. LIMITATION OF ACTIONS: revival of cause of action: evidence: sufficiency of written admission.

The writing need not, however, specifically identify the indebtedness as that upon which suit is based. This may be established by extrinsic

evidence. *Miller v. Beardsley,* 81 Iowa 720; *Fitzgerald v. Flanagan,* 155 Iowa 217; *Senninger v. Rowley,* 138 Iowa 617; *First Nat. Bank v. Woodman,* 93 Iowa 668; *McConaughy v. Wilsey,* 115 Iowa 589.

The writing relied upon by plaintiff was apparently written in answer to a letter from plaintiff. The petition contains no allegation of the purport or contents of the letter written by plaintiff to deceased, and

2. LIMITATION OF ACTIONS : revival of cause of action : insufficiency of writing.

the writing in question does not specifically refer to indebtedness owed by deceased to plaintiff, nor does it necessarily follow, from the language used, that the writer referred to any indebtedness. No decision holding that extrinsic evidence may be received for any other purpose than to identify the indebtedness referred to in the writing has been brought to our attention. The court, in *Kleis v. McGrath,* supra, said:

"It is an accepted doctrine that an acknowledgment of the existence of a debt is allowed to remove the bar of the statute, because such acknowledgment or admission carries with it an implied promise to pay. For that reason, the acknowledgment must be express, clear, and direct, for it will not do to infer or imply the acknowledgment, and therefrom imply the promise to pay, thus piling implication upon implication."

To the same effect, see *Will v. Marker,* supra.

There is no express, clear, and direct admission in the writing in question of indebtedness or promise to pay the same. It is argued by counsel for appellant that writings much more obscure and uncertain in terms and meaning have been held sufficient by this court, and in this connection, they cite *Miller v. Beardsley,* supra; *First Nat. Bank v. Woodman,* supra; *Jenckes v. Rice,* 119 Iowa 451, 454; *Will v. Marker,* supra.

A reference to the decisions referred to above will

show that in each of them there is a specific reference to a
note. That the writing referred to indebtedness was not
questioned in any of the above cases; while in each of the
following cases, in which the writing was held insufficient,
the reference to some indebtedness was much more certain
and definite than in the case at bar: *Stout v. Marshall,*
supra; *Stewart v. McFarland,* 84 Iowa 55; *Nelson v. Hanson,* supra.

Manifestly, the letter set out in plaintiff's claim contains no direct or certain reference to the note in question,
or to indebtedness in any other form; and, therefore, the
demurrer thereto was properly sustained. It follows that
the judgment of the court below must be and is—*Affirmed.*

LADD, C. J., EVANS and GAYNOR, JJ., concur.