EMMA M. KOITT, Plaintiff, Appellee, v. GEORGE W. DEAN et al., Defendants, Appellants; LOREDA McQUADE, Administratrix, and GLADYS HAYDEN, Intervenor, Appellees.

No. 42726.

**JUNE 21, 1935.**

E. J. Grier and Jo R. Jaques, for defendants-appellants.

W. G. Taylor and E. K. Bekman, for plaintiff-appellee.

Roberts & Roberts, for Loreda McQuade, administratrix. defendant-appellee, and Gladys Hayden, intervenor-appellee.

DONEGAN, J.—On August 5, 1933, Emma M. Koht commenced this action in equity asking for judgment for a balance of $7,720 upon a note for $12,050, with interest at 6 per cent per annum, executed by George W. Dean and Maggie Dean, and

secured by a first mortgage on land belonging to them in Wapello county, Iowa. Loreda McQuade, administratrix of the estate of Mary C. Hayden, deceased, was also made a party defendant, the petition alleging that a note for $2,250 secured by mortgage on the same land, given by the defendants George W. Dean and Maggie Dean to J. F. Hayden, was by him assigned to Mary C. Hayden, since deceased, and that the said mortgage is inferior to plaintiff's mortgage. The defendants George W. Dean and Maggie Dean filed a demurrer to the petition of plaintiff alleging that said petition showed on its face that the note sued on was due more than ten years prior to the commencement of this action, and that it was therefore, barred by the statute of limitations. Thereafter, the plaintiff, without any ruling having been made upon the demurrer, filed an amendment to her petition in which she alleged that on July 16, 1933, the defendant George W. Dean executed a written admission of his existing and unpaid indebtedness to the plaintiff, referred to in plaintiff's original petition, as represented by the promissory note herein sued on, and the real estate mortgage referred to in plaintiff's petition, by a written letter signed by the defendant, George W. Dean; that on July 26, 1933, the defendant George W. Dean executed an additional written admission of said existing indebtedness referred to in plaintiff's petition and the real estate mortgage securing the same, which was contained in a written letter signed by the defendant George W. Dean; and that on September 30, 1933, the defendants George W. Dean and Maggie Dean, through their attorney, executed a further additional admission of defendants' indebtedness due to plaintiff, and said written admission was signed by E. J. Grier, as attorney and agent for said defendants. Copies of said letters were attached to the amendment to petition and made a part thereof. The defendant Loreda McQuade also filed an amendment to her answer and a cross petition in which she alleged the execution of the note and mortgage by the defendants to J. F. Hayden, that said note and mortgage were still unpaid and were the property of the estate of Mary C. Hayden, deceased, and that there is due thereon the sum of $2,250, with interest. She further alleged the written acknowledgments of defendants that the indebtedness sued on was past due and unpaid, as contained in the letters referred to in and attached to plaintiff's amendment to her petition. The defendant George W. Dean filed a motion to strike

from the amendment to plaintiff's petition certain paragraphs of the letters therein referred to and attached as exhibits thereto, and, subject to the ruling on this portion of the motion, that said exhibits be stricken in their entirety. A similar motion was filed to strike the amendment to answer and the cross petition of Loreda McQuade, administratrix. These motions were overruled by the court, and, the defendants having elected to stand upon the rulings thus made, evidence was introduced by the plaintiff and decree entered awarding plaintiff the relief prayed. From the rulings of the court on the defendants' motions to strike, the defendants appeal.

The note and mortgage sued on by plaintiff became due March 20, 1922, and the note and mortgage alleged by the defendant Loreda McQuade, administratrix, in her cross petition became due March 1, 1923. It is apparent, therefore, that these notes and mortgages were both barred by the statute of limitations before the commencement of this suit, and that they could not be enforced unless the causes of action founded thereon were revived or renewed. The plaintiff by her amendment to her petition, and the defendant Loreda McQuade, administratrix, by her cross petition, sought to establish a revival of the indebtedness represented by the respective notes and mortgages under section 11018 of the Code, which provides:

"Causes of action founded on contract are revived by an admission in writing, signed by the party to be charged, that the debt is unpaid, or by a like new promise to pay the same."

■■■ The appellants contend that the letters, upon which the plaintiff and cross petitioner rely as admissions, do not amount to such, because they do not contain a direct admission of the debt; because, even if admissions, they are in the nature of an offer to compromise and not an additional admission of the debt in question; and because whatever may have been said in one of the letters, which was written by the attorney for the defendants, is incompetent. No claim is here made by the plaintiff that the letters in question contain any new promise to pay, nor is this necessary. It is sufficient that they contain an admission that the debt is unpaid. Stewart v. McFarland, 84 Iowa 55, 50 N. W. 221; Nelson v. Hanson, 92 Iowa 356, 60 N. W. 655, 54 Am. St. Rep, 568. We are, therefore, confronted with the single question as to whether the parts of these letters, which the mo-

tions of the defendants sought to strike, are sufficient to constitute an admission that the debt is unpaid.

Among the statements of the first letter was the following:

"I wish you would send your mortgage in I think you can get your money sooner than I could get a loan through, as I am told they go through slow, at any rate I would like for you to try anyhow, let me know the exact amount of your mortgage, the principal, I want to see if it corresponds with my figures. Hayden's has got to be paid in some way by some one."

The second letter contained these statements:

"I thought I could come down to see you but something had to turn up so I am writing you the shape this is in if you can wipe the slate clean for $4000.00 and Hayden's $2000.00 I will have to throw this farm on your hands to get a settlement at once as I am not going to let this run any longer, this way. * * *

"Now if you can not wipe the slate clean for $4000.00 let me know by Thursday evening as I have to meet my Lawyer Friday at 9:00 o'clock in the morning, so if I do not hear from you by that time I will get our papers for service, Saturday as I am going to put this business through right away, if you let this go to court and into a Sheriff's sale you wont have much left. Hayden's will start suit and foreclose to get their money. I talked to Jay Hayden last spring about a reduction on their mortgage, he came back at me like this, he said you got their money and thought they had no right to stand a cut on the mortgage. * * *

"Now Beck said if you accept the $4000.00 you will have to put it in writing, either send to me or Beck. If you accept I will fix it with Beck for him to pay you, and not me, because I don't want to handle the money, in any way, if you want to go to Ottumwa I will see you get there and you can fix it up with Beck if the loan goes through all right."

Do any of these statements, or all of them combined, constitute a sufficient admission that the debt was unpaid?

In Senninger v. Rowley, 138 Iowa 617, 116 N. W. 695, 18 L. R. A. (N. S.) 223, the defendant wrote a letter to the plaintiff, the material part of which was as follows:

"In reply would say that I had not figured on paying you any money while we were out here, consequently have used it for

other purposes. You told me when I was there that I need not pay you any till I came back. We only have our rent and need that to live on, so I do not see how we could send you anything at present.''

In holding that this was a sufficient acknowledgment that the debt was unpaid, we said:

''Nor is it requisite to the sufficiency of an admission that the party shall say in so many words 'I admit that this note is unpaid.' It is enough that such an admission is the natural and necessary inference from the writing. * * * So also of the letter offered in evidence. Its language contains a clear implication of the existence of the debt and the obligation of the writer to pay it. *To have the effect of an admission within our statute, it is not required that the writing specifically describe the debt or mention its exact amount, but the identification of the debt and of the amount due may be shown by extrinsic evidence.* These rules are too well established to call for a review of the authorities.'' (Italics are ours.)

In Will v. Marker, 122 Iowa 627, 98 N. W. 487, we said:

''It is not necessary, however, that this admission be an express one; it is enough if the writing clearly and unequivocally refers to the instrument in suit, and clearly admits that it is not paid. In this case several letters, written by the defendant, regarding the note in suit, are set out, and we cannot do more than give excerpts therefrom. In one of the letters he wrote that he had supposed the note paid by his brother, and asks the plaintiff to reduce the amount of interest thereon as much as possible, and to do the best he can for him. In another he wrote that he could borrow $100, and asked the plaintiff to accept that sum in full, and stated, 'I want to get it off my hands now.' In a letter written to the attorney who had the note for collection he said that he could not pay the note, and that, if a judgment would satisfy the attorney, he could take it; but he asked that he be spared the humiliation of being sued. Considering the letters as a whole, they clearly admit that the note was unpaid.''

In McConaughy v. Wilsey, 115 Iowa 589, 88 N. W. 1101, in construing a letter which stated, ''In regard to that note, will say that I will try and pay it this fall. I have forgotten about

making any request as to having it run over. Please give me a little light on that part'', we said:

"We think this letter contains a sufficient admission of indebtedness, and also a promise to pay. First Nat. Bank v. Woodman, 93 Iowa 668, 62 N. W. 28, 57 Am. St. Rep. 287. *Oral evidence was introduced which shows the letter referred to the note in question, and such evidence was competent.*'' (Italics are ours.)

In Bakey v. Moeller, 185 Iowa 946, 171 N. W. 289, it is stated:

"The writing need not, however, specifically identify the indebtedness as that upon which suit is based. This may be established by extrinsic evidence.''

In Doran v. Doran, 145 Iowa 122, 123 N. W. 996, 25 L. R. A. (N. S.) 805, the following language is used:

"It is only necessary that the admission appear with reasonable certainty to relate to the debt in question, and, if such relation does reasonably appear, it is for the debtor insisting that the admission relates to some other indebtedness to show its existence.''

It seems clear from the holding of this court in the cases above cited that it is not essential that the writing upon which an admission is based expressly admit that the debt is unpaid, that it state the amount thereof, and that it specifically refer to the indebtedness which is involved. It is sufficient that an admission that an indebtedness is unpaid is the natural and necessary inference from the writing. The amount and items of the indebtedness and the fact that the writing relates to the indebtedness sued on may be established by extrinsic evidence. To the same effect, see Bayliss v. Street, 51 Iowa 627, 2 N. W. 437; Campbell v. Campbell, 118 Iowa 131, 91 N. W. 894; Miller v. Beardsley, 81 Iowa 720, 45 N. W. 756; First Nat. Bank v. Woodman, 93 Iowa 668, 62 N. W. 28, 57 Am. St. Rep. 287.

We think there was sufficient in the written statements contained in the letters signed by the defendant George W. Dean from which the inference could clearly be drawn that there was an unpaid indebtedness owing by him to the plaintiff and that this unpaid indebtedness involved a mortgage. Since the amount

of this indebtedness and the fact that it was the same indebtedness represented by the note and mortgage sued on could be established by extrinsic evidence, it cannot be said that these letters do not contain an admission of the indebtedness sued on.

It is contended by the appellants, however, that any admissions contained in the letters were in the nature of an offer to compromise and are not an admission of the existence of the debt in question. It must be conceded that a mere offer to compromise a claim is not in and of itself an admission of an indebtedness. As said in Milhollen v. McDonald & Morrison Mfg. Co., 137 Iowa 114, 112 N. W. 812:

"It is, of course, a well-settled rule that where a settlement is offered without the acknowledgment of a debt, but for the purpose of avoiding litigation, it may not be proven; and such is also the statutory provision. But in this case the testimony tends to show that the offer of settlement was not of this kind, but, on the other hand, that it was a virtual admission of indebtedness, and an offer to compromise for a sum much less than was claimed by the plaintiff. Such being the case, the evidence was competent under the holding in Bayliss v. Murray, 69 Iowa 290, 28 N. W. 604, and Kassing v. Ordway, 100 Iowa 611, 69 N. W. 1013."

We think the letters under consideration in the instant case contain admissions of an unpaid indebtedness, and that the offers to compromise contained therein were not merely offers to pay something to avoid litigation, but were offers to make settlement of an indebtedness which these letters showed was still unpaid. See, also, State v. Lavin, 80 Iowa 555, 46 N. W. 553; Langdon v. Ahrends, 166 Iowa 636, 147 N. W. 940; Wachal v. Davis, 164 Iowa 360, 145 N. W. 865.

 Finally, it is contended by the appellants that the part of their motion which asked to have the third letter stricken should have been sustained. The only grounds stated in support of this part of the motion are that the letter is a confidential communication, that it is an offer to compromise, and that it does not contain any promise to pay any amount or to pay the original indebtedness. This letter was signed by E. J. Grier, the attorney for the appellants, and was addressed to W. G. Taylor, the attorney for the plaintiff. It stated that Mr. Dean, the defendant, had conferred with the writer of the letter "on the matter of the payment of the note and mortgage now due and owing to

your client'', that the maximum amount that Dean could raise was $5,000, and that the writer of the letter was ''authorized by Mr. Dean to offer this amount to your client for the full settlement of this obligation.'' This letter, therefore, clearly referred to a note and mortgage ''now due and owing'' to the plaintiff, and the offer made was ''for the full settlement of this obligation.''

For the reasons given in the preceding portion of this opinion, we think this letter did contain an admission of the existence of the indebtedness and that the offer to compromise was not merely to avoid litigation but was in settlement of the obligation of the note and mortgage, and, if otherwise admissible, this letter should not have been stricken because it failed to contain any admission of indebtedness or because it was an offer to compromise. Nor do we think that this letter should have been stricken because it referred to a confidential communication made by the defendant Dean to his attorney, because the letter itself indicates that whatever was said by Dean to his attorney in reference to the matters contained in the letter was intended to be communicated by the attorney to the plaintiff.

■■■ This letter was not signed by either of the appellants, but this fact was not set out as a ground of the motion to strike, and no reference is made to it in the appellants' brief and argument upon this appeal. Even if this letter could not, for this reason, have constituted a sufficient allegation in plaintiff's petition for a revival of the indebtedness, and, even if it should have been stricken for this reason, although not alleged, or for any other reason, we think that any error in the ruling of the court in reference to this letter was without prejudice.

■■■ The statements contained in the first two letters were, in our opinion, sufficient to revive the indebtedness, and, if the evidence was otherwise sufficient to sustain the decree and judgment, the court must have found, because of the admissions contained in these letters, that the indebtedness had been revived and was not barred by the statute of limitations. The record before us does not contain any of the evidence presented upon the trial of the case. The appellants expressly state in their brief and argument that their appeal does not call for a trial de novo in this court, and that it is from the rulings of the trial court on the motion to strike, which have been alleged as errors, and from these rulings only. Since there was sufficient in the first two

letters to show that the indebtedness had been revived, the pleading of the revival of the indebtedness was sufficient if based on these two letters alone; and since, in the absence of any showing to the contrary, we must assume that the trial court based its decree and judgment on competent evidence before it, the failure to strike this particular letter could not change the result and does not furnish a sufficient ground for reversal. Tisdale v. Ennis, 144 Iowa 306, 122 N. W. 959; Mitchell v. Mutch, 180 Iowa 1281, 164 N. W. 212.

We, therefore, hold that there was no prejudicial error in the rulings of the trial court, and that such rulings should be, and are hereby, affirmed.—Affirmed.

ANDERSON, C. J., and ALBERT, KINTZINGER, PARSONS, RICHARDS, and HAMILTON, JJ., concur.