7   521
119   455

## Green v. Austin.

An instrument in the words following: " West Union, May 4, 1857. Forty days after date, I promise to pay S. S. G., or bearer, the sum of one hundred dollars, value received—said sum being money due for building my flouring mill in Auburn, Fayette county, Iowa, with six per cent. interest. This note being subject to diminution, by any excess in certain bills of hardware allowed by me to S. S. G. over the original bills as for-

warded by J. H. K.," and signed by the maker, is for a sum certain and due absolutely, and is a promissory note; and in an action on such an instrument, it is not incumbent on the plaintiff, before he can recover, to offer other evidence.

*Appeal from the Fayette District Court.*

MONDAY, APRIL 4.

On the trial of this cause before a jury, the plaintiff offered in evidence an instrument, of which the following is a copy.: "West Union, May 4th, 1857. Forty days after date, I promise to pay S. S. Green, or bearer, the sum of one hundred dollars, value received—said sum being money due for building my flouring mill in Auburn, Fayette county, Iowa, with six per cent. interest. This note being subject to diminution by any excess in certain bills of hardware, allowed by me to S. S. Green, over the original bills as forwarded by J. H. Knight. JAMES AUSTIN."

This was all the evidence offered by the plaintiff in the opening of the case, and thereupon the defendant moved a non-suit, which the court refused. This is assigned as error.

*M. McGlathery* and *L. L. Ainsworth*, for the appellant.

No appearance for the appellee.

WOODWARD, J.—The defendant takes the position that the instrument is not a promissory note, and that it was incumbent on the plaintiff to show what amount was due upon it. He claims that it does not show a sum certain to be due, because it is subject to the abatement therein named; and, for the same reason, he urges that it is not due absolutely.

The true question is, whether it was incumbent on the plaintiff to offer further evidence, before he could be entitled to a judgment; and this depends upon another, name-

Green v. Austin.

ly: whether there was a sum certain due, absolutely, by the instrument, and this determines whether it is a note, or a contract, merely.

We are clearly of the opinion that there was a sum certain due by the note, and due absolutely. It is a promise to pay one hundred dollars, but this is subject to diminution, or reduction, by showing certain over charges. It contains a notice to third persons, that the maker may show a less sum due; but, until he does show this, the one hundred is the sum. The memorandum annexed to this note does not come within the legal idea of a condition. It does not make the payment of the $100 conditional upon the payee showing something; but the maker may relieve himself of a part, by showing a certain matter. The instrument does not mean that there are overcharges, or any excess in the bills. It is "subject to diminution by any excess"—meaning any which may be found or shown. And this, it was the duty of defendant to make appear. If it had been agreed that there was such, and how much, the note would have been written for a different amount. It does not admit this, but leaves the maker at liberty to show it.

On this ground, we do not think there was error in refusing the non-suit. We have considered the question presented by the defendant, without questioning whether error will lie for refusing a non-suit in such a case; but without intending that this should be regarded as admitted, by our silence upon it.

The judgment is affirmed.