## RUSH v. CARPENTER ET AL.

1. **Contract:** CONSTRUCTION: EVIDENCE. A written contract may be construed in the light of the circumstances attending its execution, in order the more fully to understand the expressed meaning of the parties.

2. —: ——: AMBIGUITY. A contract construed and held not to be ambiguous upon its face.

*Appeal from Fayette District Court.*

FRIDAY, JUNE 18.

THIS action is brought upon a contract in the following form:

" $200.                                                West Union, May 2, 1877.

"On or before the 1 day of May, 1878, for value received, I
" promise to pay to the order of D. E. Smith, Two Hundred dollars,
        *Provided    20    per    cent    of    the    profits    of    the*
" with interest from date until paid, at the rate of ten per cent, payable
        *business    will    pay    the    same;    provided    said*
" annually; and if the interest is not paid when due, to bear interest
        *Carpenter    obtains    work    sufficient    to    keep*
" at same rate and terms. If sued, I agree to pay expense of collect-
        *said    Smith    and    two    workmen    employed.*
" ing, including reasonable attorney's fees.
" P. O.                                                M. W. CARPENTER."

The plaintiff alleges that the contract is now his property, and that D. E. Smith guaranteed the payment thereof to him. The plaintiff filed an amendment to his petition as follows:

"That the note sued upon is partly written and partly printed; that immediately after the words " two hundred dollars " therein, the said note is in print as follows, to-wit: " with interest from date until paid, at the rate of ten per cent, payable annnally, and if the interest is not paid when due, to bear interest at same rate and terms. If sued, I agree to pay expenses of collecting, including reasonable attorney's fees."

"That at the time of the making and execution of said note an addition was made thereto, by writing in between

the printed lines, for lack of space elsewhere, a provision as follows, to-wit: ' Provided 20 per cent of the profits of the business will pay the same; provided said Carpenter obtains work sufficient to keep said Smith and two workmen employed.' "

" That about the date of said note the defendants went into the marble business; it was stipulated in said note that 20 ½ per cent of the profits of said business should pay said note, *provided* the said Carpenter should obtain work in the said marble business sufficient to keep said Smith (defendant) and two other workmen employed for the period of one year, upon the marble work so obtained by the said Carpenter; that the said Smith duly performed his part of said agreement, but the said Carpenter utterly failed and neglected to obtain work sufficient to keep said Smith and two workmen employed during said period, or during any part of the same."

The defendant M. W. Carpenter demurred as follows:

" And now comes the defendant M. W. Carpenter, and demurs to the petition and amendment thereto herein upon the ground that the facts therein stated do not entitle the plaintiff to the relief demanded, or to any relief whatever, for the reason that the alleged contract set out therein, as made out and signed, is unmeaning, and that no application is made to reform the same. That such alleged contract imposes no liability whatever upon defendant."

The court sustained this demurrer. The plaintiff appeals.

*D. W. Clements*, for appellant.

*Geo. E. Debble* and *Hoyt & Hancock*, for appellees.

DAY, J.—I. The rule which inhibits the introduction of parol contemporaneous evidence to contradict or vary the terms of a valid written instrument is directed only against the admission of any other evidence of the language employed by the parties than that which is

1. CONTRACT: construction: evidence.

furnished by the writing itself. The writing may be read by the light of surrounding circumstances, in order the more fully to understand the intent and meaning of the parties. When the surrounding circumstances are considered, there is no difficulty in arriving at the meaning of the contract. In fact, the writing itself contains internal evidence that the printed portion is to be read together consecutively, and the written portion in the same manner, for if the whole be read consecutively, not only is the writing utterly unintelligible, but a line is interpolated between two syllables of one word. It is competent, when we consider the alleged circumstances under which the contract was made, to read it in such a manner as will allow it some force and meaning.

II. It is claimed, however, that if the contract is read as appellant insists it should be, it is still ambiguous. It is insisted that there is as much reason upon the face of the contract for saying that liability thereon is dependent upon two conditions, and that both must co-exist before defendant is liable, as there is for claiming that one of the conditions is dependent upon the other. In other words, the appellee claims that the contract may mean that it is payable upon the condition that Carpenter obtains work sufficient to keep said Smith and two workmen employed, and twenty per cent of the profits of the business will pay the same. It is evident, however, that this could not have been the meaning of the parties to the contract, as this would enable Carpenter, the obligor, to avoid all liability by simply neglecting to obtain work enough to keep three men employed. The petition alleges that Carpenter failed and neglected to obtain work sufficient to keep Smith and two workmen employed. Having failed to do that which made the payment of the contract contingent, the obligation to pay becomes absolute. The court erred in sustaining the demurrer.

2. ——: ——: ambiguity.

REVERSED.