# ELLETT v. EBERTS.

**Promissory Note**: CONDITION INDORSED: CONSTRUED TO BE PENAL BOND: LIABILITY ON. Defendant gave to plaintiff a writing which on its face was a promissory note, except that it referred to a "condition specified on back." On the back was written the following language: "This note is given on condition that the signer will cause trustees to assess damages on the eleventh of October, 1886, and costs, done by the hogs of the signer, and now in F. E. Ellett's possession, the award of said trustees to be subtracted from the amount of within note, and remainder of said note to be delivered to the signer on payment of trustees' award." *Held*—

(1) That the whole writing should be construed together, and that it was, in effect, a penal bond.

(2) That no recovery could be had by merely setting up the instrument and alleging breach thereof, but that it was necessary to allege actual damages, for which alone a recovery could be had.

(3) That such actual damages might be recovered upon a failure of the maker to procure an assessment of the damages, even though he made due diligence to have them assessed, but failed only because the trustees had refused to act.

[REED, J., and SEEVERS, C. J., *dissenting*.]

*Appeal from Montgomery District Court.*—HON. GEORGE CARSON, Judge.

FILED, JUNE 5, 1888.

ACTION at law on a written contract for the payment of a sum of money. The cause was tried to the court, and judgment was entered for defendant. Plaintiff appeals.

*J. M. Junkin* and *Smith McPherson*, for appellant.

*C. E. Richards* and *Z. T. Fisher*, for appellee.

ROTHROCK, J.—The contract sued on is as follows:
"On demand, after date, for value received, I promise
to pay to F. E. Ellett, or order, two hundred dollars
(condition specified on back), payable at Red Oak, with
interest at the rate of ten per cent. per annum until
paid. Interest, when due, to become principal, and
draw ten per cent. interest. If this note is not paid
when due, I promise to pay all reasonable costs of col-
lection, including attorney's fee, and also consent that
judgment may be entered for these amounts by any jus-
tice of the peace." The following condition was
indorsed on the back of the instrument: "This note is
given on the condition that the signer will cause trustees
to assess damages on the eleventh of October, 1886, and
costs, done by the hogs of the signer, and now in F. E.
Ellett's possession; the award of said trustees to be
subtracted from the amount of within note, and
remainder of said note to be delivered to the signer on
the payment of the trustees' award." The defendant
pleaded that the contract was executed on a Sunday;
but the court found specially that, although the fact as
to the time of the execution was as alleged, defendant
had subsequently ratified it on a secular day. He also
alleged that there had been a material alteration of the
contract after its delivery; but the disposition of the
case made by the court implies a finding against defend-
ant on that question. The court found specially that
defendant had exercised due diligence to obtain an
assessment of the damages, but that the township trus-
tees had refused to proceed to hear and determine the
matter of contention recited in the contract; and, as
conclusion of law, the court found that the contract is
an obligation to abide the award of the township trus-
tees, and that an action could not be maintained upon it
until such award was made; and that, as defendant was
not in fault as to the failure to procure the award, no
breach of the undertaking had occurred.

The material question is as to the effect of the
agreement; and that is to be arrived at, of course, upon

a consideration of the language of the condition, as well as that in the body of the instrument. In other words, the writing upon the face of the instrument, and that indorsed thereon, must all be considered as part of the contract between the parties. When thus considered, it is not a promissory note. It is in the nature of a penal bond. If the defendant undertook to have the damages assessed, and failed to perform his obligation, the claim of plaintiff sounded in damages. An action might be maintained upon the contract, not necessarily for the full amount thereof, but to the extent of the damage done by the defendant's hogs to his land and crops. But the plaintiff made no such claim in his pleadings. He demanded judgment for the whole amount specified in the bond or written instrument. He should have pleaded his actual damages for the alleged failure of the defendant to cause the assessment to be made. The effect of the bond was merely to settle the question as to the trespass, and that the plaintiff was entitled to payment therefor. In this view of the case, the plaintiff was not entitled to recover by merely setting up the instrument, and claiming that there was a breach of the conditions ; and we think that the claim made by the defendant, that the instrument is in the nature of a penal bond, is correct.

The case is unlike *Green v. Austin*, 7 Iowa, 521, cited by counsel for appellant. The written instrument upon which that action was founded, showed upon its face a full consideration ; and the memorandum annexed to it was held not to be a condition, and that, if the whole amount was not due, it was incumbent on the defendant to show that fact by proper evidence. In the case at bar the writing indorsed upon the instrument is expressly declared to be a condition. The case of *Rush v. Carpenter*, 54 Iowa, 132, is distinguishable from the case at bar. In that case the contract was thought to be ambiguous, and the petition set up the circumstances surrounding the parties thereto at the time it was made as proper to be considered in determining the meaning of the writing. The defendant demurred to the petition

upon the following grounds: That the alleged contract, as made out and signed, was unmeaning, and that no application was made to reform the same, and that the alleged contract implied no liability whatever upon the defendant. It was held that the contract might be read in the light of surrounding circumstances, in order to arrive at the meaning and intent of the parties; and that, when these were considered as set forth in the petition, there was no difficulty in arriving at the meaning of the contract. It will be seen that the demurrer in that case was directed solely at the question of ambiguity in the contract. It is true, it is said at the close of the opinion that the defendant, "having failed to do that which made the payment of the contract contingent, the obligation to pay becomes absolute." We may say the same in this case. The obligation to pay became absolute when the defendant failed to have the damages assessed. But this absolute liability is measured, not by the sum of two hundred dollars and interest, but by the actual amount of the damages; and if the declaration in the cited case, that the obligation to pay became absolute, was intended to mean that recovery could be had for the full amount of the written instrument, it determined a question which was not in the case, as will plainly appear by the averments of the petition and the grounds of the demurrer.

It is alleged in the answer in this case that the actual damages did not exceed twenty dollars, and the court finds as a fact that there was evidence tending to prove the averments of the answer. The recovery ought not to be more than sufficient to cover the amount of the injury. The law abhors penalties. If the defendant failed to procure the assessment of damages, his obligation to pay the same is absolute. No question can be raised as to whether the plaintiff wrongfully distrained the defendant's hogs. When the plaintiff brings such an action and makes such claim as is authorized by this instrument, we can see no objection to the maintenance of the same. We think the district court was correct in the conclusion that no recovery could be had in this

action ; but that the conclusion of law should not have been based upon the thought that the defendant had discharged his obligation by attempting to have the trustees appraise the damages.    He was bound by his contract to have the damages assessed.

AFFIRMED.

REED, J. (*dissenting.*)—In my opinion, the condition on the back of the instrument has the effect merely to create a contingency on the happening of which defendant might discharge the liability for the damage done by his trespassing animals, by the payment of a less amount than the sum named in the instrument. That, I think, is the only construction of which the instrument is capable, when all of the provisions are considered.    The body of the instrument is a promise by defendant to pay two hundred dollars on demand.    The condition is that defendant will cause the trustees, on the day named, to assess the damages done by his trespassing animals; and, in case their award should be of an amount less than that named, the note should be surrendered to him upon the payment of that amount. Very clearly, plaintiff's right of recovery is limited by the promise ; that is, he could not, in any contingency, recover more than the amount which defendant promised to pay.    To that extent, the transaction of the giving of the instrument was a settlement of the matters in controversy.    But, in the opinion of the majority, while he bound himself to accept that amount in satisfaction of his claim in any event, he obtained absolutely no advantage by the settlement.    At least, that is the logic of the opinion ; for, independently of the contract, defendant was liable for the damages, and the parties had the right to have them assessed by the trustees (Code, secs. 1452, 1454, 1455), and an action would lie upon their award.    So that, if the construction placed upon the instrument is correct, the effect of the agreement was to limit plaintiff's right of recovery ; while in all other respects the rights and liabilities of the parties remained as they were before the settlement.    I do not

believe that they had any such result in contemplation when they made it. And I do not agree that the language in *Rush v. Carpenter*, commented upon by the majority, is *dictum*. The question as to the liability of the defendant under the contract was expressly raised by the demurrer, and that called for the determination of the very question considered by the court in the language in question. In my opinion, the holding in that case is conclusive of the question before us.

SEEVERS, C. J., concurs in this dissent.