JOHN D. CLEGHORN *vs.* MINNESOTA TITLE INS. & TRUST Co. *et al.*

Argued May 14, 1894. Affirmed May 25, 1894.

No. 8776.

**Pledge of commercial paper, how foreclosed.**

While the pledgee himself cannot, without express authority to the contrary, sell commercial paper pledged as collateral, yet a court may at least, under special circumstances, order a judicial sale of it.

Appeal by Minnesota Title Insurance and Trust Company, one of the defendants, from an order of the District Court of Hennepin County, *Thomas Canty,* J., made December 14, 1893, overruling its demurrer to the complaint.

On October 13, 1892, defendant Oliver B. Whitney was indebted to the plaintiff John D. Cleghorn in the sum of $6,000 and interest, past due. On that day Whitney assigned to plaintiff as collateral security a note and mortgage for $7,000 made to him by George S. Bicknell dated August 25, 1892, and due five years thereafter, bearing six per cent interest. On June 28, 1893, Whitney, being insolvent, made an assignment under Laws 1881, ch. 148 as amended, to defendant, Minnesota Title Insurance and Trust Company of all his nonexempt property in trust for his creditors, and it accepted the trust. On October 25, 1893, plaintiff filed with it his claim for the $6,000 and interest stating that he intended to

exhaust his collateral security and look to the assigned estate for any deficiency. The complaint stated these facts and asked judgment against defendant Whitney for $6,000 and interest and that the Bicknell note and mortgage be sold by the sheriff at public auction and the proceeds applied upon the judgment and that any deficiency be allowed as a claim against Whitney's estate and for such other and further relief as should seem to the court to be equitable in the premises. The defendant, Minnesota Title Insurance and Trust Company, demurred to this complaint and specified as ground of objection that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer with leave to answer within twenty days on payment of ten dollars costs. The company appeals.

*Wm. B. McIntyre,* for appellant.

This is an action in equity by the pledgee to sell a promissory note secured by mortgage, pledged as security for a debt of the pledgor. The pledgee is a trustee of the property and for the pledgor and the law is vigilant and jealous in its circumspection of his conduct. It is his duty to collect the note and mortgage when they fall due, not to sell them meantime. *Union Trust Co.* v. *Rigdon,* 93 Ill. 458; *Wheeler* v. *Newbould,* 16 N. Y. 392; *White* v. *Phelps,* 14 Minn. 27; *Lamberton* v. *Windom,* 12 Minn. 232; *Goldschmidt* v. *First Methodist Church,* 25 Minn. 202.

The pledge of chattels to secure the payment of a debt implies authority to convert the property into money to apply on the debt, if the pledgor fails in his duty to pay it. But a pledge of commercial paper does not include authority to sell it, because the proper and usual mode of converting it into money is to collect the money upon it when it becomes due. *Merchants' Nat. Bank* v. *Thompson,* 133 Mass. 482; *Whitteker* v. *Charleston Gas Co.,* 16 West Va. 717; *Boynton* v. *Payrow,* 67 Me. 587; *Handy* v. *Sibley,* 46 Ohio St. 9; *Joliet Iron & Steel Co.* v. *Sciota Fire Brick Co.,* 82 Ill. 548; *Zimpleman* v. *Veeder,* 98 Ill. 613.

There being no express contract the pledge is made under an implied contract, implied in law. This contract is, that the security being commercial paper shall not be sold but the pledgee

shall wait until maturity and receive the money due on it then. The court will presume it will be paid at its maturity. After the contract of pledging is made neither party can, by any thing he alone may do, vary the duties or powers attaching to the relation. *Cooper* v. *Simpson,* 41 Minn. 46; *Minneapolis & N. E. Co.* v. *Betcher,* 42 Minn. 210.

The plaintiff cannot come into a court of equity and have the pledge foreclosed and sold under the direction of the court for he cannot do indirectly what he cannot do directly. *Whitteker* v. *Charleston Gas Co.,* 16 West Va. 717; *Boynton* v. *Payrow,* 67 Me. 587.

*Henry J. Fletcher,* for respondent.

The insolvency statute provides that no debts for which the creditor holds a mortgage, pledge or other security shall be paid until the creditor shall have first exhausted his security or shall surrender and release the security to the assignee. 1878 G. S. ch. 41, § 28. He is permitted to file his claim but may not participate in the assigned estate without first exhausting his security or surrendering it to the assignee. If the security should not prove sufficient to satisfy his debt he has a right to prove up his claim against the assigned estate for any deficiency. Whether or not there will be such a deficiency will never be known until the security is first exhausted. The assignee is required to collect and realize upon the effects in his hands with all convenient speed, and if the creditor should prefer to surrender the security to him in the case of a note and mortgage, having four years yet to run, it would be the duty of the assignee to ask leave of the court to sell the same precisely as the creditor is now doing. That the court would authorize the assignee to sell the Bicknell note and mortgage if it should be surrendered by the respondent, seems undoubted. There is no reason why the creditor may not realize on this collateral as advantageously as the assignee. If the creditor may not proceed to exhaust the security he holds, he is forced to the alternative of either throwing away his security or of abandoning all claim against the insolvent estate, for long before the note matures the assignment will have been closed up and the assignee discharged.

The rule disapproving of sales of negotiable collateral securities

either at public or private sale, without express contract authorizing such sale, applies where such collateral bills or notes mature earlier than the original debt or obligation, but does not apply to long time paper or negotiable bonds. Colebrooke, Collat. Securities, § 117. *Donohoe* v. *Gamble*, 38 Cal. 340.

MITCHELL, J. The rule of law undoubtedly is that, without express agreement to the contrary, commercial paper pledged as collateral cannot be sold by the pledgee at either public or private sale. The reason for this is that such paper has no market value, and consequently, if exposed for sale, would be liable to be sacrificed.

But the question of the right of a pledgee to come into court, and have a decree for a judicial sale of the pledge, is an entirely different question. This was always a well-recognized head of equitable jurisdiction, even where the pledgee or mortgagee had a right to sell the property. The sale being under the direction and control of the court, it has the power, as it is its duty, to see to it that the property shall not be sacrificed; and hence such a sale is not liable to the evils or abuses to which a sale by a party himself is subject. Just when and under what circumstances a court would or should order a sale of commercial paper or other collateral of similar character it is not necessary to consider. The right to do so, at least under special circumstances, is undoubted. Pom. Eq. §§ 164, 1231; Daniels, Neg. Inst. § 833; Jones, Pledges, § 655; *Donohoe* v. *Gamble*, 38 Cal. 340.

In the present case the collateral note had some four years to run before it matured. The pledgor had become insolvent, and had made a general assignment for the benefit of all his creditors. The plaintiff had proved his claim in the insolvency proceedings, and had claimed, as he might, the right to participate in the benefits of the assignment in case the pledged property proved insufficient to satisfy his claim in full. Hence, unless the collateral should be sold, the final settlement of the estate of the insolvent would be postponed for several years.

These facts made a proper case, even under the strictest rule, for a judicial sale of the collateral note.

Counsel for defendant argues that the pledge was made under a contract, implied by law, that the paper should not be sold, but that

the plaintiff should wait until its maturity, and then collect it in the ordinary way, and that a court has no power to change the contract of the parties. There is nothing in this point. The question is one of remedy, rather than of contract right; and if the law as to the manner of realizing on the collateral is to be deemed to have entered into, and become a part of, the contract, this would be as applicable to the rule which authorizes a judicial sale as it is to the rule which forbids the pledgee himself to sell.

Order affirmed.

BUCK and CANTY, JJ., took no part.

(Opinion published 59 N. W. 320.)