ROY C. JENCKES, Appellant, v. JOHN E. RICE, *et al.*

Action to Recover on a Contract: RENEWAL OF PROMISE TO PAY: SUSPENSION OF STATUTE OF LIMITATION. A letter stating "I cannot tell where I can get money enough to pay the note, but as true as God, I will send it as soon as I can get it" is a renewed promise in writing to pay, and suspends the statute of limitations.

Promissory Note: EFFECT OF CONDITIONAL PAYMENT. An instrument which promises to pay a certain sum of money but contains the express condition that it shall be "void and nonpayable" on the happening of a certain condition, is not a promissory note but a contract of indemnity, and in our action thereon it is necessary to allege and prove actual damages.

Sale of Contract of Indemnity: BY PLEDGEE. The pledge of a contract of indemnity, held as collateral surety for a debt, cannot sell the same and pass absolute title, but simply his interest therein.

*Appeal from Polk District Court.*—HON. C. P. HOLMES,
Judge.

WEDNESDAY, FEBRUARY 4, 1903.

THIS is an action at law to recover on the following
instrument: "$2,000.00. Des Moines, Iowa, May 4th, 1890.
Six months after date, for value received, we jointly and
severally, as principal, promise to pay to the order of
Spencer M. Rice the sum of two thousand dollars, with
interest at the rate of ten per cent. per annum from date
if not paid at maturity, and attorney's fees if suit is
instituted upon this note.    This note is given to secure
S. M. Rice against the loss of $2,000 subscription in the
syndicate of the Gray's Harbor Land & Imp. Co., and is
void and nonpayable whenever said $2,000 shall have been
derived from said syndicate.    John E. Rice."    A brief
history of the transactions connected with it are stated
herein.    John E. Rice was promoting the sale of stock in
the syndicate of the Gray's Harbor Land & Improvement
Comany, a concern in which he had a financial interest.
In April, 1890, he visited his codefendant and brother at
his home in Terre Haute, Ind., and tried to sell him some
of the stock, but without success at that time.    Some
little time thereafter he reached Des Moines.    In the
meantime the plaintiff and the defendant, Spencer M.
Rice, had concluded they would each take $1,000 of the
stock in question.    Thereupon the latter telegraphed John
E. Rice at Des Moines, Iowa, asking if he could get $2,000
of the stock.    The answer by telegram was: "To Dr. S.
M. Rice: Of course.    Same offer.    Deposit money as
before.    *    *    *    Rush by Tuesday."    After sending this
telegram, John E. Rice executed and forwarded to Spencer
M. Rice at Terre Haute the instrument sued on.    Jenckes
and Spencer M. Rice borrowed $2,000 of a Terre Haute bank

on their joint note, and put it into this stock. This note was renewed several times, but was finally surrendered, and the individual notes of Jenckes and Rice for one-half of the amount, each, accepted in its place, and Rice deposited the instrument sued on and the certificate of his interest in the land of the improvement company as collateral security for his note. Jenckes put up collateral security for his own note and for Rice's note, which latter fact was, however, unknown to Rice. Rice did not pay his note, and the bank served notice on both him and Jenckes that the collateral given by them would be sold at public auction, and the proceeds applied on their debts. The collateral given by Rice was sold at such sale to the plaintiff, the instrument in suit for $30 and the certificate for $20, the total amount of which was just enough to pay the costs of the sale. Jenckes thereupon paid the bank the amount due on Rice's note, took the same, and brought suit and recovered a judgment thereon before the judgment in this case was rendered, and that judgment has since been paid. This action is to recover $2,000 and interest against John E. Rice as maker and Spencer M. Rice as indorser of the instrument set out. There was a directed verdict for the plaintiff against both defendants for the full amount thereof, principal and interest. The court adjudged, however, that the sale of the collateral to Jenckes did not vest the absolute ownership thereof in him, but simply subrogated him to the rights of the bank; and it was ordered that upon payment of the judgment against Spencer M. Rice on his note to the bank, and the taxes and interest thereon paid on his interest in the syndicate land, the judgment herein be assigned to Spencer M. Rice, and that he be subrogated to the plaintiff's interest therein. Both parties appeal. The plaintiff, having first perfected his appeal, will be designated as the appellant.—*Affirmed* on plaintiff's appeal, and on defendants' appeal *reversed*.

*Dudley & Coffin* for appellees.

*St. John & Stevenson* for appellants.

SHERWIN, J.—The defendant John E. Rice was a resident of the state of Washington when he executed the instrument in suit, and has ever since resided there,

1. REMOVAL of promise to pay: suspension of statute of limitation.

while the plaintiff was then and still is a resident of Indiana. We need not determine, however, whether the action was barred by the Washington statute pleaded and proven, because we find that such bar, if it ever existed, was removed by the defendant's new promise in writing to pay in his letter to Spencer M. Rice under date of February 24, 1893, in which he said, "I cannot tell where I can get money enough to pay the note, but, as true as God, I will send it as soon as I can get it." The contention that this language may have referred to the individual note which Spencer had given the bank is not sustained by the record. The letter refers to the instrument in suit directly and explicitly in other parts thereof, and its entire tenor shows conclusively what he meant in the sentence quoted, for no other note is mentioned in the entire letter.

We cannot agree with the contention of the appellant that the instrument before us is a promissory note. A promissory note is an unconditional written promise to pay

2. PROMISSORY note: effect of conditional payment.

absolutely and at all events a sum certain in money, and this the instrument clearly does not do. It contains an express condition that it is "void and nonpayable" upon the happening of a certain event, and, in addition thereto, it states that it was given to indemnify S. M. Rice against a loss on his investment in the stock in question. It is true that the clause containing this statement speaks of the instrument as a note, and, if the condition and statement of the purpose for which it was executed were not present, it would

in fact be a note; but the entire instrument must be construed together, and, when so construed, we think it clearly shows that it was intended and understood as a contract of indemnity only.   Certain it is, however, that, if not so construed, it cannot be held to be a promissory note, and, being ambiguous, its character would then be determined in the light of the surrounding circumstances, and, considering these, no doubt is left as to the intent and meaning of the parties.   *Rush v. Carpenter*, 54 Iowa, 132.

Furthermore, the instrument in all essential particulars is like that under consideration in *Ellett v. Eberts*, 74 Iowa, 597, which was held not to be a promissory note, and in which *Green v. Austin*, 7 Iowa, 521, and *Rush v. Carpenter*, *supra*, were distinguished.   It being a contract of indemnity only, it was necessary for the plaintiff to allege and prove that actual damage had been sustained.

Moreover, we are of the opinion that the sale of the collateral security by the bank did not vest the absolute title therein in the plaintiff.   It is undoubtedly the rule 3. SALE OF contract of indemnity by pledgee. that the pledgee of personal property in the shape of goods and merchandise or tangible chattels of any kind may sell the same, after default, upon proper notice to the pledgor; but this rule has been quite generally held not to apply to choses in action or commercial paper, other than stocks and bonds, unless the contract so provides; and the reason for this exception is that such securities, not being usually marketable at their fair value, would generally be sold at a sacrifice, and an injustice would thus be done the debtor, and it cannot be presumed that it was the intention of the parties thus to deal with the securities.   22 Am. & Eng. Enc. Law (2d Ed.) 884; *Wheeler v. Newbould*, 16 N. Y. 392; *Fletcher v. Dickinson*, 7 Allen, 23; *Banking Co. v. Lewis*, 12 N. J. Eq. 323; *Joliet Iron & Steel Co. v. Scioto Fire Brick Co.*, 82 Ill. 548 (25 Am. Rep. 341); *Manufacturing Co. v. Gray*, 19 Colo. 149 (34 Pac. Rep. 1000); *Stevens v.*

*Wiley*, 165 Mass. 402 (43. N. E. Rep. 177), and see note in 43 L. R. A. 737; *Cleghorn v. Trust Co.*, 57 Minn. 341 (59 N. W. Rep. 320, 47 Am. St. Rep. 615); *Whitteker v. Gas Co.*, 16 W. Va. 717; Jones, Pleading, 661. The justness of this rule cannot fail to be recognized in this case, where collateral security now worth its face value was sold for $30. In *Robinson v. Hurley*, 11 Iowa, 410, the contract provided for a sale of the collateral, and the question we are now considering was not involved; hence the language therein to the effect that the pledgee may sell upon notice must be held *dictum*, and not binding upon us. The bank had no interest in the collateral except as a pledgee, and it could not, therefore, sell or assign a greater interest than it had, which was the security of the S. M. Rice note. It might lawfully sell and transfer its debt against Rice, and transfer with it the collateral held to secure its payment, but nothing more; and, when the note so secured is paid, the plaintiff has no further interest in or right to the collateral. The judgment against John E. Rice was, therefore, too large in any view of the case, for he could be held for no greater sum than the amount due on the S. M. Rice note, and the court properly held that the latter should be subrogated to the rights of the plaintiff upon payment of the judgment against him on his personal note. It being admitted that such judgment has been paid, it is not necessary to determine whether a personal judgment should have been rendered against S. M. Rice herein.

The judgment is AFFIRMED 'on the plaintiff's appeal, and on the defendants' it is REVERSED.

BISHOP, J., took no part.