McKNIGHT, Respondent, v, OREGON SHORT LINE
RAILROAD COMPANY, Appellant.

(No. 2,142.)

(Submitted June 21, 1905.   Decided July 17, 1905.)

*Railroads—Killing Livestock—Pleadings—Statutes of Other
States—Judicial Notice.*

Pleading—Statutes of Other States—Judicial Notice.
1.   The courts of this state will take judicial notice of such matters only as are enumerated in section 3150 of the Code of Civil Procedure, and the statutes of sister states not being included, a complaint, brought under a statute of Idaho for the killing of cattle by a railroad company, which fails to plead such statute, is therefore fatally defective.

Railroads—Killing of Livestock—Pleadings—Complaint.
2.   A complaint in an action for the killing of livestock by a railroad company, brought under section 2680, Revised Statutes of Idaho, which failed to allege that at the time of the killing the defendant company was operating a line of railroad within that state, but stated that the defendant *"is* a corporation" and *"is* the owner, controller and operator" of a railroad—which allegations are referable to the time the complaint was verified and filed, and not to the date on which the stock was killed—failed to state a cause of action.

Railroads—Killing of Livestock—Pleadings—Complaint.
3.   A complaint, in an action for the killing of livestock by a railroad company, brought under a statute of Idaho (Rev. Stats., sec. 2680), which did not allege that a claim in writing, for the damages suffered by the owner, had been made upon the defendant company, was fatally defective.

*Appeal from District Court, Beaverhead County; M. H.
Parker, Judge.*

Action by S. M. McKnight against the Oregon Short Line Railroad Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

*Mr. Robert B. Smith,* for Respondent.

*Mr. John G. Willis,* for Appellant.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action brought by the plaintiff McKnight to recover from the Oregon Short Line Railroad Company $115 damages for livestock killed in the state of Idaho.

The complaint attempts to state two causes of action. The first is for the recovery of $75. It is alleged that the defendant is a Utah corporation; that it is the owner, controller and operator of a certain railroad running from Salt Lake, Utah, to Butte City, Montana; that on June 21, 1902, near Monida, in the state of Idaho, the defendant ran one of its trains over and upon, and killed, a certain bull belonging to the plaintiff, of the value of $75; that within ninety days after the killing of such animal the plaintiff presented to the defendant a demand for the value of the animal killed, but this demand was refused. The second cause of action is for the recovery of $40, the value of a certain heifer, killed by defendant company on July 12, 1902, at the same place as the other animal. The allegations of this cause of action are similar to those of the first.

The defendant interposed a general demurrer, which was overruled, and then filed an answer denying generally all the allegations in the complaint, except the allegations respecting the corporate existence of the defendant, and that it owns, operates, and controls the line of railroad mentioned in the complaint.

Upon the trial the court permitted the plaintiff to introduce in evidence the statute of Idaho, under which the action was brought. The jury returned a verdict in favor of plaintiff for $115, and from the judgment entered thereon the defendant company appealed.

The only question presented for our consideration is: Does the complaint state a cause of action? In our opinion the complaint is fatally defective in any of three particulars: 1. The action is brought under the statute of Idaho, and the statute is not pleaded; 2. The complaint does not show that the defendant was operating a line of railroad within the state of Idaho at the time the animals were, or either of them was, killed; and 3. The complaint does not allege that a claim in writing for the

damages suffered, signed by the owner of the animals or his agent, was made upon the defendant company.

1. The complaint shows upon its face that each of the causes of action is predicated upon the laws of Idaho, within which state the animals were killed. Our courts do not take judicial notice of the statute of a sister state. The matters of which they do take judicial notice are enumerated in section 3150 of the Code of Civil Procedure, and the statutes of a sister state are not included; and as that section establishes the law of this state respecting that particular subject, all matters not therein enumerated are excluded. (Code of Civil Proc., secs. 3452, 3453.)

If, then, the court did not take judicial notice of the laws of Idaho, and the same were not set forth in the complaint in order to advise the court, it is difficult to see how the court could determine that the complaint in fact states a cause or causes of action under the laws of that state. It is an elementary rule that where one relies upon a statute of a sister state, such statute must be pleaded and proved as a fact. (20 Ency. of Pl. & Pr., 598; *Bank of Commerce* v. *Fuqua et al.,* 11 Mont. 285, 28 Am. St. Rep. 461, 28 Pac. 291, 14 L. R. A. 588; *O'Reilly* v. *New York & New England R. R. Co.,* 16 R. I. 388, 17 Atl. 171, 906, 19 Atl. 244, 5 L. R. A. 364; *Balfour et al.* v. *Davis et al.,* 14 Or. 47, 12 Pac. 89; *Lowry* v. *Moore,* 16 Wash. 476, 58 Am. St. Rep. 49, 48 Pac. 238; *Swank* v. *Hufnagle,* 111 Ind. 453, 12 N. E. 303.)

2. In order to bring this case within the provisions of the Idaho statute, it was necessary for the complaint to show that at the time the animals were killed the defendant was operating a line of railroad in the state of Idaho. The allegations of the complaint in this regard are: "That the defendant *is* a corporation," etc.; "that the defendant *is* the owner, controller and operator of a certain railroad running," etc. These allegations are all in the present tense and referable to the time the complaint was verified and filed, which was December 10, 1902. One animal was killed June 21, and the other July 12, 1902,

and by no process of reasoning or canon of construction can these allegations be understood to charge that the defendant was operating the line of road on either of these latter dates. Neither the allegation that on the 21st day of June the defendant ran one of its trains over and upon a certain bull, etc., nor the allegation that on the 12th day of July the defendant ran one of its trains over and upon one certain two year old heifer, cures the want of an allegation that at the time of the killing the defendant was actually operating a line of railroad within the state of Idaho. The statute of Idaho, section 2680 of the Revised Statutes, as amended by an Act of the legislature approved March 7, 1901, provides that "every railroad company or corporation operating any line of railroad within this state that hereafter negligently maims or kills any horse, mare, * * * cow, heifer, bull, etc., by running any engine or engines, car or cars, over or against any such animal or animals is liable to the owner of such animal or animals," etc. In order to bring himself within the provisions of this statute it was necessary for the plaintiff to allege that at the time of the killing the defendant company was operating a line of railroad within the state of Idaho. (*Baker et al.* v. *Southern Cal. Ry. Co.,* 114 Cal. 501, 46 Pac. 604.)

3. The same section of the Idaho statute above referred to further makes the killing or maiming of an animal by the railroad company *prima facie* evidence of negligence on the part of the railroad company, and then contains this proviso: "Provided, that a claim in writing for such damages signed by the owner or his agent must be made upon such railroad company or corporation within three months after such maiming or killing." The allegation of the first cause of action in this regard is: that "this plaintiff presented to the defendant and its agents, servants and employees a certain claim for the price and value of said bull, but that the defendant has wholly failed and refused to pay the same or any part thereof," etc. The allegation of the second cause of action is: "that within ninety days of the date of said killing plaintiff demanded

of the defendant payment for said heifer, but defendant has and still refuses to pay for the same,'' etc. No pretense is made that either of these allegations complies, even substantially, with the requirements of the section of the Idaho Code above referred to.

Where one seeks the advantageous position afforded by the statute which relieves him of a burden which otherwise he would be called upon to assume, he must bring himself squarely within the terms of the statute. The Idaho statute above referred to, in effect said to this plaintiff: You ask relief from pleading or proving negligence on the part of the railroad company. It is only necessary for you to show in this regard that the defendant company was operating a line of railroad in the state of Idaho, and that while so doing it killed your animals. In the absence of this statute you would be called. upon to plead and prove negligence on the part of the defendant company; but you are relieved from this, provided that within ninety days after the killing you make demand in writing, signed by yourself or agent, upon the company for damages you sustained; otherwise the benefits conferred by this statute are not available to you. The particular action brought by this plaintiff is a statutory one, and he must stand or fall by the statute which he invokes. (17 Ency. of Pl. & Pr. 572, and cases cited.)

For the reasons given, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Milburn concur.