RIDPATH, RESPONDENT, *v.* HELLER ET AL., APPELLANTS.

(No. 3,218.)

(Submitted January 14, 1913. Decided January 29, 1913.)

[129 Pac. 1054.]

*Real Property — Deeds — Encumbrances — Special Assessment Liens—Covenant of Warranty—Breach—Pleading—Conclusions—Judicial Notice—Unwritten and Written Law of Other State—How Proved.*

Breach of Warranty—Encumbrances—Pleading—Conclusions.
   1.   The statement in a complaint in an action for the breach of a warranty against encumbrances that the real property in question was "subject to a tax, charge or assessment duly assessed," *etc.*, which was "a lien and encumbrance by law," without a recital of the facts, was a mere legal conclusion and ineffective for any purpose as a pleading.

Same—Special Assessment Liens—Matters of Statute.
   2.   The circumstances under which a tax or special assessment lien attaches so as to render a grantor liable on his covenant against encumbrances are matters of statute.

Statutes of Other State—Judicial Notice.
   3.   The courts of this state do not take judicial notice of the statutes of a sister state; they must be pleaded and proved as facts in the case, to such effect that it may be readily seen that under them a cause of action exists.

Unwritten and Written Law of Other State—How Proved.
   4.   Where the unwritten law of a sister state is to be proved, resort may be had to the published reports of the decisions of its courts, or to oral testimony of witnesses skilled in the subject (Rev. Codes, sec. 7908); proof of the written law of another state must be made in compliance with the methods prescribed in sections 7906 and 7907.

*Appeal from District Court, Flathead County; J. E. Erickson, Judge.*

ACTION by William M. Ridpath against August and Retha Heller to recover for the breach of a warranty against encumbrances. From a judgment in favor of plaintiff and an order overruling their motion for a new trial, defendants appeal. Reversed and remanded.

*Mr. Sidney M. Logan,* for Appellants, submitted a brief; *Mr. Henry C. Smith,* of counsel, argued the cause orally.

The power to impose taxes and create liens is not an inherent power of a municipal corporation, nor do the courts indulge in presumptions in favor of the creation or organization of municipal corporations nor the exercise of the powers thereof, but the existence of all these things must be affirmed by appropriate allegations and established by proper evidence. In the case of *McKnight* v. *Oregon etc. Ry. Co.,* 33 Mont. 42, 82 Pac. 661, it is said:

"If, then, the court did not take judicial notice of the laws of Idaho and the same were not set forth in the complaint in order to advise the court, it is difficult to see how the court could determine that the complaint in fact states a cause or causes of action under the laws of that state. It is an elementary rule that where one relies upon the statute of a sister state, such statute must be plead and proved as a fact."

Expert testimony is admissible only for the purpose of proving the interpretation or exposition of the statutes of a sister state by the appellate court of that state, or proving the unwritten law of such state, and not for the purpose of supplying the authenticated copies of a statute law, and if the supreme court of the state whose law is sought to be established has not interpreted the statute, then expert evidence is not admissible. (5 Encyclopedia of Evidence, 822; *Sells* v. *Haggard,* 21 Neb. 357, 32 N. W. 66.)

As to the question of the existence of cities and municipal corporations, the authorities are uniform to the effect that courts will not take judicial notice of cities outside of the boundaries of the state. (See *Cook* v. *Crawford,* 4 Tex. 420; *Andrews* v. *Hoxie,* 5 Tex. 171; *Whitlock* v. *Castro,* 22 Tex. 108.)

In *Pritchett* v. *Stanislaus County,* 73 Cal. 310, 14 Pac. 795, it is said: "It should have been set forth in the complaint, to entitle the plaintiff to recover, to what class of municipal corporations the city of Modesto belongs, and what compensation to the marshal had been fixed by an ordinance passed by the

board, and it should further appear that the claim of plaintiff accorded with such ordinance." In *Carpenter* v. *Shinners,* 108 Cal. 359, 41 Pac. 473, the court says: "But one cannot take judicial notice of the ordinances of municipal corporations or of the time when, if passed, they take effect." (*Lucas* v. *San Francisco,* 7 Cal. 475; *Harker* v. *Mayor of New York,* 17 Wend. (N. Y.) 199; *Haven* v. *New Hampshire Asylum,* 13 N. H. 532, 38 Am. Dec. 512; *City of Napa* v. *Easterby,* 61 Cal. 517.) In the last case cited, the court refused to presume that ordinances were properly published.

Turning, now, to the question of whether the ordinance levying the tax should have been set forth in the complaint, we call attention to the case of *Miles City* v. *Red Kern,* 12 Mont. 119, in which the court quotes with approval the following language of Mr. Bishop: "Always, by the common-law rules, the by-laws of municipal corporations are private, not public, laws, and they must be averred in pleadings upon them, and proved like other facts at the hearing; and this is so, even though the act of corporation is deemed public, or a statute requires the court to notice it judicially."

No appearance in behalf of Respondent.

MR. JUSTICE SANNER delivered the opinion of the court.

Action to recover for the breach of a warranty against encumbrances. A demurrer to the complaint and an objection to the introduction of any evidence under it were overruled; and at the close of the evidence for the respondent a motion for nonsuit was denied. Respondent had judgment according to the prayer of the complaint, and from that judgment and from an order overruling their motion for a new trial, defendants appeal. The principal questions presented are: (1) The sufficiency of the complaint, and (2) the admissibility of oral testimony by an attorney to establish the law of a sister state.

1. The complaint alleges that on July 16, 1899, the appellants sold and granted to respondent "by deed duly acknowledged in fee simple." certain lots in the city of Spokane; that said deed

contained a covenant that the premises were free from all encumbrances, except taxes for the year 1898; that at the time said deed was made and delivered the said premises were not free from·all encumbrances except taxes for 1898, but "were subject to a tax, charge or assessment theretofore duly assessed, charged and confirmed by the city of Spokane  *  *  *  and by the proper officers thereof, in the sum of $463.03," and which was "a lien and encumbrance by law upon the said premises"; that by reason thereof and "to extinguish said tax or assessment and to protect said premises from the lien thereof and the enforcement of the same," plaintiff was obliged to and did pay $722.33, for which amount judgment is prayed, with costs.

It will be noted that the supposed encumbrance referred to is born of some kind of tax or assessment imposed by the city of Spokane. What the legal status of the city of Spokane is, what kind of tax, charge or assessment it imposed upon the property, what power it had to impose such a tax or assessment, how such power must be exercised, how it was exercised, and how the tax or assessment came to be a lien or encumbrance, are matters concerning which the complaint is silent. . No extended discussion is needed to demonstrate the utter deficiency of such a complaint. A lien or encumbrance is not averred by the mere naked allegation of its existence; the facts should be fully stated. (25 Cyc. 684, par. 3; 13 Ency. Pl. & Pr. 124, par. 2; *McGlauflin* v. *Wormser,* 28 Mont. 177, 72 Pac. 428.) To say, in the absence of other allegations, that real property was "subject to a tax, charge or assessment duly assessed, charged and confirmed," which was "a lien and encumbrance by law," is to recite a series of mere legal conclusions, ineffective for any purpose as a pleading. .

Nor does it specially aid the matter if we assume that the city of Spokane is a municipal corporation of the state of Washington. Nowhere outside of the law of Washington can there be anything which empowers the city of Spokane to levy any taxes or assessments of such character as to be liens or encumbrances upon real estate. If it has any such power, it must have it by virtue of some statutory provision of the state of Washington,

[2] because the circumstances under which a tax or special assessment lien attaches so as to render a grantor liable on his covenant against encumbrances are wholly matters of statute. (11 Cyc. 1114, pars. 1, 3.) Now, the courts of this state do not [3] take judicial notice of the statutes of a sister state (*Bank of Commerce* v. *Fuqua,* 11 Mont. 285, 28 Am. St. Rep. 461, 14 L. R. A. 588, 28 Pac. 291; *McKnight* v. *Oregon Short Line Ry. Co.,* 33 Mont. 40, 82 Pac. 661); they must be pleaded and proved as facts in the case, and to such effect that it may be readily seen that under them a cause of action exists. (11 Cyc. 1114; 5 Encyclopedia of Evidence, 808; *Bank of Commerce* v. *Fuqua, supra; McKnight* v. *Oregon Short Line Ry. Co., supra.*) Of course, these principles apply with especial force where, in addition to the statutes of a sister state, there is involved the existence and validity of the ordinances of cities within its boundaries.

2. Inasmuch as this case must be retried, we deem it advisable to refer briefly to the manner of proving the law of a sister [4] state. The rule is settled that where the unwritten law of a sister state is in question, resort may be had to the published reports of the decisions of the courts of such state, or to oral testimony of witnesses skilled in the subject (Rev. Codes, sec. 7908); but where the written law of a sister state is to be proved, other methods must be pursued. (U. S. Const., Art. IV, sec. 1; U. S. Rev. Stats., sec. 905; Rev. Codes, secs. 7906, 7907; *Bank of Commerce* v. *Fuqua, supra;* 36 Cyc. 1255.)

The judgment and order appealed from are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.