In re Estate of BRUHNS. BRUHNS, Respondent, v.
BRUHNS et al., Appellants.

(No. 4,231.)

(Submitted November 19, 1920. Decided November 19, 1920.)

[193 Pac. 1114.]

*Probate Courts—Jurisdiction—Distribution of Estates—Decrees
of Foreign State—Presumptions—Statutes—Judicial Notice.*

Probate Courts—Residence of Decedent in Other State—Distribution
of Estate in This and Sister State.

   1. An intestate died in California leaving property there of the
value of less than $1,500, and also property in this state; the pro-
bate court of California distributed all of the property there situ-
ated to the widow; the court in Montana, in proceedings not in-
tended as ancillary to those had in California, and regardless of
what she had received in that state, awarded to her one-third of
the Montana property and two-thirds to the children. *Held,* that
the decree was correct as in accordance with statute.

Same—Jurisdiction not Extraterritorial.

   2. Jurisdiction of district courts in this state in probate matters
pertaining to real property is confined to property situated within its
boundaries, any order or decree affecting realty in another state
being a nullity.

Judicial Notice—Statutes of Other States.

   3. Where rights are based upon statutes of another state, the
statutes must be pleaded and proved, since courts of this state
cannot take judicial notice of statutes of sister states.

Probate Courts of Other States—Decrees—Presumptions.

   4. A decree made by a court of another state in a probate pro-
ceeding will be presumed to have been made within jurisdiction
and in accordance with its laws, and is conclusive upon courts
of this state in every matter in which it is conclusive in the for-
eign state.

*Appeal from District Court, Custer County in the Sixteenth
Judicial District; C. C. Hurley, Judge in the Seventh District.
Presiding.*

Proceedings to administer the estate of Henry Bruhns, de-
ceased, wherein Aline Bruhns filed objections to the adminis-
trator's report and from an order of distribution, Paul E.
Bruhns and others appeal. Modified and affirmed.

Cause submitted on briefs of Counsel.

For authorities discussing the question of conclusiveness of foreign
probate as affecting real property, see notes in 6 L. R. A. (n. s.) 617;
9 Ann. Cas. 422; 14 Ann. Cas. 977; 115 Am. St. Rep. 518.

*Messrs. Nichols & Wilson,* for Appellants.

*Mr. Geo. W. Farr* and *Mr. H. E. Herrick,* for Respondent, and *Mr. W. C. Wilde,* of the Bar of San Diego, California, of Counsel.

MR. JUSTICE HURLY delivered the opinion of the court.

Henry Bruhns, a resident of California, died in that state intestate in the year 1914, leaving surviving a widow, this respondent, a daughter, and four sons, appellants herein. At [1] the time of his death he owned property in California, probated in that state and of the net value for distribution, in the sum of $1,280.82, which, by the probate court of the county of his residence, was awarded to the widow. He also owned real property in this state, which was sold in the course of probate proceedings in Custer County, the net value of which is $1,929.84. The administrator appointed in Montana, in making his final report and petition for distribution, alleged that under the laws of California and of the state of Montana, one-third of all the property of the deceased, after the payment of the indebtedness of the deceased and the expenses of administration, is required to be distributed to the widow, and the remaining two-thirds to the five children of the deceased in equal shares, but that the said widow had received, and has the exclusive benefit of all the property of the deceased within said state of California to the exclusion of said children, and that the property so received by said widow greatly exceeds in value the one-third interest in all the property of the deceased to which, under the law, she was entitled, and that therefore she should not have distributed to her any part of the money in the hands of the Montana administrator.

Respondent filed her objections to such report on the ground that the order of the California court in setting aside all of the property in that state to her was made in accordance with the laws of that state and is conclusive on all the heirs of the deceased, and she asserts her right to receive one-third of the residue of the Montana property, regardless of the fact that all of the California property was awarded to her.

After hearing, the court sustained the objections of the respondent and distributed the estate, awarding her one-third and the remaining two-thirds to the children. By an oversight, however, the name of Paul E. Bruhns was omitted from said award, and it is conceded by appellants and respondent that his name should be included as one of the distributees.

Copies of the inventory of the property, decree of distribution and final discharge of the administrator in California are annexed to the final report. In the inventory are included sundry items of real and personal property, of the appraised value of $1,468.82. The inventory contains the recital: "The estate mentioned in the foregoing inventory is community property." The decree of distribution recites that the net value of the estate is less than $1,500, "that the said surviving widow does not have a maintenance derived from her own property equal to the said estate of said deceased," and then awards to her the entire estate in California.

We are in effect asked to hold that the proceedings in California in awarding the property to the widow were under statutory provisions similar to those found in our section 7513, Revised Codes; the California section being section 1469 of the Code of Civil Procedure.

The position of appellant is that the provision found in each of the above statutes for summary disposition of estates of intestates when "it appears that the value of the *whole estate* does not exceed fifteen hundred dollars," means the whole estate wherever situated, and therefore that the value of the "whole estate" exceeds $1,500, in consequence of which it follows that the California decree was erroneous, and that in the proceedings here appellants should be allowed to have deducted from the widow's distributive share of the Montana property a sum sufficient to enable the sons and daughter of the deceased to obtain, so far as the proceeds of the estate will permit, their two-thirds interest in the value of the properties in the two states.

We do not deem it necessary to cite authorities to the effect [2] that jurisdiction of the courts in Montana in probate matters pertaining to real estate is confined solely to prop-

erty situated in this state, and that any order or decree affecting realty in another state would be a nullity. Likewise the California probate courts may make no binding orders pertaining to real property in this state. (Sec. 7919, Revised Codes.) The deceased having been a resident of California at the time of his death, the probate courts of that state were, of course, authorized to make any orders within their jurisdictional powers relating to decedent's property there, subject to attack only upon grounds not pertinent to a decision of this case.

So far as appears from the record, we do not learn that the children of deceased participated in the California proceedings, nor that any reference was made to the Montana lands, nor that any appeal has been taken from any of the orders of that court, and we assume that the same are in full force and effect.

While it may be that the decree in California was made under the provisions of the statute above referred to (though [3] the statement is made in the inventory that the property was community property, an ownership not recognized in this state), we are not permitted to take judicial notice that it was so made. We could as well assume that the property was exempt from execution, and that, in accordance with the provisions of sections 1465 and 1468 of the California Code of Civil Procedure (secs. 7509, 7512, Rev. Codes), the court awarded the same to the surviving widow. However, we may not indulge in either of such assumptions. Where rights are based upon the statutes of sister states, there must be a sufficient pleading and proof thereof. (*Bank of Commerce* v. *Fuqua*, 11 Mont. 285, 28 Am. St. Rep. 461, 14 L. R. A. 588, 28 Pac. 291; *McKnight* v. *Oregon etc. R. R. Co.*, 33 Mont. 40, 82 Pac. 661.)

But, conceding that the decree was made under the statute referred to by appellants, we know of no method of attacking [4] in our probate courts—they being courts of limited jurisdiction—the judgment or decree so made. What remedy, if any, the appellants may have, if the California decree is er-

roneous, we are not called upon to decide. To grant appellants the relief they ask in this court would be the equivalent of setting aside or modifying the California decree. We must assume that the court in that state was acting within its jurisdiction, and that its decree was in accordance with the laws of that state; therefore such decree is conclusive upon our courts in every matter in which it is conclusive in California. (*State ex rel. Ruef* v. *District Court*, 34 Mont. 96, 115 Am. St. Rep. 510, 9 Ann. Cas. 418, 6 L. R. A. (n. s.) 617, 83 Pac. 866.), Any other result, upon the record presented, would do violence to the full faith and credit clause of our federal Constitution (sec. 1, Art. IV).

We are not unmindful of the rules relating to ancillary administration in cases where property of a decedent exists in two or more states. But appellants assert, and respondent concedes, that the Montana proceedings are not intended as ancillary to those in California, and no attempt is made to bring the case within the rules governing such proceedings, and we therefore decide the appeal upon the contentions urged by the parties.

The decree was made in accordance with the provisions of our statute, no error appearing except as to the omission, in the decree of the name of Paul E. Bruhns as one of the sons and heirs of deceased. The cause is therefore remanded to the district court, with direction to modify the decree of distribution by making proper distribution to said Paul E. Bruhns, and, when so modified, it will stand affirmed.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, MATTHEWS and COOPER concur.