SPRINGHORN, RECEIVER, RESPONDENT, v. ROBERTS ET AL., DEFENDANTS; JENSEN, APPELLANT.

(No. 5,983.)

(Submitted November 8, 1926. Decided November 17, 1926.)

[250 Pac. 1112.]

*Pledges — Promissory Notes — Extent of Rights of Pledgee — Rights of Purchaser of Pledged Property—Action on Notes— Pleading—Statutes of Other States must be Pleaded—Failure to Plead—Presumptions.*

Statutes of Another State must be Pleaded—Failure to Plead—Presumption.
1. Where a litigant desires to rely upon the statutes of a sister state, he must plead and prove them; and in the absence of either pleading or proof as to the law of another state on a given subject, it will be presumed that the statute of that state is the same as that of this state.

Pledges—Promissory Notes—Extent of Right of Pledgee.
2. Under section 8312, Revised Codes of 1921, a pledgee bank to which collateral in the shape of promissory notes had been sent to secure a loan had no right to sell them but could only collect them when due.

Same—Promissory Note—Purchaser from Pledgee Subrogated to Latter's Rights—Action on Note—Pleading.
3. The purchaser of a note with accompanying mortgage from a pledgee was subrogated to the rights of the latter, and if he desired to rely upon such rights in his action on the note and for a foreclosure of the mortgage he was required to set forth the contract between the pledgor and pledgee showing the principal debt to secure the payment of which the note and mortgage were assigned to the pledgee as collateral.

---

[1]  Evidence, 22 C. J., sec. 87, p. 154, n. 6.
[2]  Pledges, 31 Cyc., p. 872, n. 24; p. 873, n. 26.
[3]  Pledges, 31 Cyc., p. 883, n. 35; p. 888, n. 15.

1.  Presumption as to law of other state or country, see notes in 21 L. R. A. 471; 67 L. R. A. 33. See, also, 10 R. C. L. 891.
3.  See 21 R. C. L. 673.

*Appeal from District Court, Lincoln County; C. W. Pomeroy, Judge.*

ACTION by A. W. Springhorn, as receiver of the American Bank & Trust Company of Great Falls, Montana, against C. B. Roberts, S. R. Jensen, and another, in which defendant Jensen filed a complaint in intervention. From a judgment for plaintiff against defendants and intervener, Jensen appeals. Affirmed.

*Mr. A. H. Gray,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Hurd, Rhoades, Hall & McCabe,* for Respondent, submitted a brief; *Mr. George E. Hurd* argued the cause orally.

HONORABLE HENRY G. RODGERS, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, absent on account of illness, delivered the opinion of the court.

The respondent, as receiver of American Bank & Trust Company of Great Falls, commenced this action to foreclose a mortgage given by C. B. Roberts and Annie E. Roberts to the bank to secure the payment of two promissory notes, one for the principal sum of $27,800, with interest, and one for the principal sum of $17,832.29, with interest, and also to have a deed given by the defendants to the bank, covering the same lands as the mortgage, declared a mortgage and foreclosed as such. S. R. Jensen, trustee, was also joined as a defendant; it being alleged that he claimed some right, title, interest in, or lien upon, the lands involved in the action.

In his complaint in intervention, set out in the answer, S. R. Jensen, trustee, alleges that, after the execution and delivery of the mortgage and note for the principal sum of $17,832.29 the defendant C. R. Roberts executed and delivered to the American Bank & Trust Company a renewal note therefor, for the principal sum of $18,000. He alleges his ownership of the last-mentioned note, and his interest in the mortgage

given to secure the same, and prays for judgment against the maker of the note and for the foreclosure of the mortgage, and that his claim be held superior and prior to that of plaintiff.

Respondent having replied to the appellant's separate answer and complaint in intervention, and the court having heard the evidence, it made its findings of fact and conclusions of law, and rendered judgment in favor of the respondent and against the defendants, foreclosing the deed as a mortgage, and foreclosing the mortgage for the payment of the $27,800 note held by the respondent, and denying the relief asked for by the defendant Jensen, and he alone appeals.

It appears that the note for $17,832.29, being one of the notes to secure which the mortgage was given, was afterward renewed by the giving of a note by the maker thereof for the principal sum of $18,000, and that the $18,000 note, together with the security therefor, were transferred and assigned by the American Bank & Trust Company, together with other collateral, to the New York Trust Company, as security for an indebtedness owing to the New York Trust Company by the American Bank & Trust Company; that thereafter, the American Bank & Trust Company being in default, the New York Trust Company foreclosed and sold the collateral, including the $18,000 note, with security, at public auction, in the city of New York to one Henry J. Harding, who thereafter sold the note involved herein to the Liberty Industrial Corporation, and that the Liberty Industrial Corporation thereafter sold the same to S. R. Jensen, trustee, appellant herein. It also appears that the appellant knew at the time he purchased the note and mortgage that the instruments had been pledged by the American Bank & Trust Company to the New York Trust Company as security for the indebtedness, as did each of his predecessors upon their purchase of the same.

Appellant contends that he is the *bona fide* owner of the note, secured by the mortgage, no longer held as collateral, and as such owner was entitled to judgment for the full amount of the note and a foreclosure of the mortgage.

Based on the rule of common law, our statutes provide: "A pledgee cannot sell any evidence of debt pledged to him, [1–3] except the obligations of government, states, or corporations; but he may collect the same when due." (Sec. 8312, Rev. Codes 1921.) "In the absence of either pleading or proof as to the laws of New York regulating the sale of such evidences of indebtedness held in pledge, it will be presumed that the statute of that state is the same as our own." (*State ex rel. Rankin* v. *American Bank & Trust Co.*, 76 Mont. 445, 247 Pac. 336.)

The pleadings and the evidence are silent as to the laws of the state of New York, and it has long been the rule that, if a litigant desires to rely upon the statutes of a sister state, he must plead and prove them. (*Bank of Commerce* v. *Fuqua*, 11 Mont. 285, 28 Am. St. Rep. 461, 14 L. R. A. 588, 28 Pac. 291; *McKnight* v. *Oregon Short Line R. R. Co.*, 33 Mont. 40, 82 Pac. 661; *Milwaukee Gold Extraction Co.* v. *Gordon*, 37 Mont. 209, 95 Pac. 995; *Ridpath* v. *Heller*, 46 Mont. 586, 129 Pac. 1054; *Gunder* v. *Huggans*, 71 Mont. 449, 233 Pac. 901; *In re Estate of Bruhns*, 58 Mont. 526, 193 Pac. 1115.)

No attempt was made either by pleading or evidence to place before the court a contract between the pledgor and pledgee. The right acquired by appellant by his purchase of the note was the right to be subrogated to the rights of the New York Trust Company in the note as a pledge. (*Potter* v. *Lohse*, 31 Mont. 91, 77 Pac. 419.) "The bank had no interest in the collateral except as a pledgee, and it could not, therefore, sell or assign a greater interest than it had, which was the security of the S. M. Rice note. It might lawfully sell and transfer its debt against Rice, and transfer with it the collateral held to secure its payment, but nothing more; and, when the note so secured is paid, the plaintiff has no further interest in or right to the collateral." (*Jenckes* v. *Rice*, 119 Iowa, 451, 93 N. W. 384.)

Had the appellant desired to rely upon his rights as a pledgee, it would have been necessary for him to have set forth

the principal debt to secure the payment of which the note and mortgage were assigned as collateral.   This he did not do. (*Averill Machinery Co.* v. *Bain,* 50 Mont. 512, 148 Pac. 334.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.